CULPEPPER, Judge.
This expropriation suit was brought by the plaintiff under the provisions of the so-called “Highway Expropriation Act” which provides for expropriation by a declaration of taking (LSA-R.S. 48:441 et seq.). At the time plaintiff filed its petition of expropriation, a title dispute existed amongst the defendants as to all but 2.5 acres of the tract of land containing 9.1 acres from which the 2.768 acre right of way was taken. Plaintiff alleged the existence of this title dispute and set forth that the defendant, Joseph Rachl, had a record title to 'the parcel of land, containing 9.1 acres, outlined in yellow on an attached plat of survey, and that the defendants, George B. Wasey, Katheryn Beatty Harmon, Dorothy Beatty Martin and Sam H. Jones, held a record title to a larger parcel of land (containing approximately 11 acres) outlined in green on said attached plat. The said plat attached to plaintiff’s petition shows that the 9.1 acres outlined in yellow, and claimed by Joseph Rachl, is overlapped by the approximately 11 acre tract outlined in green and claimed by the remaining defendants, except as to the northernmost 2.5acres of said 9.1 acre tract which said 2.5 acres is shown to be owned by Joseph Rachl alone.
Also named as defendants were certain unknown owners, or claimants, under tax sales of record, who were represented by a.curator ad hoc. No claim was established by these unknown owners and consequently they have been eliminated from this litigation.
The property taken by this expropriation consists of a right of way, 300 feet in width and' containing 2.768 acres in the extreme southern portion of said 9.1 acre tract, for the new “National System of Interstate and Defense Highways”, to which no access is permitted except at certain designated points.
After these proceedings were filed, the named defendants entered into a compromise agreement resolving their title dispute. Joseph Rachl was recognized as the owner of the northernmost 2.5 acres of said 9.1 acre tract. As to the remaining 6.6 acres (which was actually all that was in dispute) Joseph Rachl was recognized as the owner of an undivided one-half interest and the remaining defendants named were recognized as the owners of the other undivided one-half interest.
At the time of filing its original petition of expropriation, the plaintiff deposited in the Registry of the Court the total sum of $2,975 of which $2,860 was stated to be for “Value of land” and $115 was stated *107 to be for “Damages”. By a supplemental and amended petition filed on December 8, 1959, the plaintiff increased the amount deposited to a total of $5,650 of which $3,450 was stated to be for “Value of land” and $2,200 was stated to be for “Damages”.
After the named defendants settled their title dispute, the sole issue in the lower court was the value of the land taken and the severance damages to the 6.1 acres remaining north of the right of way expropriated (a small triangular area, containing about acre, remained south of the right of way expropriated but no damages are claimed as to this small area). The trial judge found that the highest and best use of the 9.1 acre tract in question was for light industrial purposes, and that before the taking, it had a value of $1,600 per acre. For the 2.768 acres actually taken, the court therefore awarded $4,428. 80.
As to severance damages, the trial judge concluded that, as a result of the taking, access to the railroad would be denied and consequently the remaining land would be useful only for low cost residential purposes with a reduction in value to $900 per acre. For the 3.6 acres owned in indivisión by all of the named defendants, the trial judge awarded $700 per acre or a total of $2,520 in severance damages. Likewise, for the 2.5 acres owned separately by the defendant, Joseph Rachl, the trial judge awarded $700 per acre or a total of $1,750, this amount being awarded to Joseph Rachl alone. The total amount of the lower court’s award to all defendants for compensation and damages was the sum of $9,231.54, which included interest on the amount finally awarded, but not previously deposited in the Registry of the Court (as provided by LSA-R.S. 48:455).
From the lower court’s judgment the plaintiff, State of Louisiana, has appealed, asking that (1) the award of $1,750 for severance damages to Joseph Rachl be annulled because, as of the date of trial, the 2.5 acre tract was separately owned by Joseph Rachl and was an entirely separate tract of land, no part of which was expropriated; (2) that the award per acre for the servitude taken be reduced from $1,600 per acre to $1,250 per acre; and (3) that the severance damages per acre to the jointly owned land be reduced from $700 to $360 per acre.
The defendants have answered the appeal asking that the judgment of the district court be amended by increasing the per acre award for the land taken from $1,600 to $3,000 per acre; and (2) that the damages be increased from $700 per acre to the amount of their claim, which was $2,000 per acre, both as to the jointly owned land and as to that wholly owned by the defendant, Joseph Rachl.
Addressing ourselves first to the argument made on appeal by plaintiff that the trial judge erred in granting any severance damage to the 2.5 acres owned separately by Joseph Rachl, we note at the outset that this case was not argued or briefed in the lower court and it is therefore very understandable that the trial judge did not perceive from plaintiff’s pleadings or evidence that it intended to make this contention. The trial judge stated in his written opinion that “The parties to this suit and the real estate experts, however, apparently treat and have valued the entire '9 acres as one tract.”
The defendants contend that since the plaintiff has treated the 9.1 acres as a single tract, in its original and supplemental petitions, and in its deposits in the Registry of the Court and in the presentation of plaintiff’s expert testimony, it is now too late on appeal for the State to change its position, even though there might be some merit to its contention. Defendants contend that the State is actually trying to amend its petition in the appellate court.
In its brief, filed in this court, the S'ate admits freely that its deposit of $2,200 for severance damages was allotted to both the 3.6 acres owned in indivisión by *108 the defendants and the: 2.5 acres owned separately by Joseph Rachl, but the State contends that this was done through error and that actually the 2.5 acres owned separately by Joseph Rachl is entitled to no severance damages whatever because no part of it was expropriated.
Our first problem is to decide whether the State, under its pleadings, its evidence and its deposits, can now, for the first time, on appeal, take the position that the deposit was made in error and ask that the $1,750 awarded to Joseph Rachl separately be refunded to the State.
When the. State filed its original petition in May of 1958 a record title to the entire 9.1 acre tract was in. the name of Joseph Rachl. An overlapping record title, to all but the northernmost 2.5 acres, also appeared in the flames of the remaining named defendants. At the.outset, the State had no way of knowing who would be decreed the rightful, owners of the disputed 6.6 acres which included the 2.768 acres expropriated. If the court finally determined that Joseph Rachl owned the entire 9.1 acres then he would, of course, be entitled to severance damages to all the remaining portion of this tract not taken. It is obvious that the State filed its original declaration of taking and deposit with this possibility in mind. However, its subsequent deposit, made after the compromise agreement, still was admittedly intended to cover severance damages for the entire 6.1 .acres, but the State now contends this deposit was made in error. We note in the report of the State’s appraiser, Forest W. White, Jr., (Tr. 254) that Mr. White recognized the problem of severance damages in the event the tracts were owned separately, when he made this comment:
“In this appraisal no attempt has been made to value these interests individually; rather the tract has been treated as one ownership. It is important to remember, however, that the element of severance damages found in the contents of this appraisal would vary if the tracts had been so divided prior to the date of expropriation.”
We do not know why Mr. White concluded that separate ownership of the two tracts would be important only of they had been “divided prior to the date of the expropriation” because the law as to the date at which severance damages will be determined is clearly set forth in LSA-R.S. 48:453 which reads as follows:
“Sec. 453. Measure of compensation; burden of proof
“The market value is determined as in general expropriation suits but as of the time the estimated compensation was deposited in the registry of the court.
“Damage to the remainder of the property is determined as of the date of the trial.
“In either case the defendant has the burden of proving his claim. Added Acts 1954, No. 107, § 1.” (Emphasis supplied)
It is our opinion that plaintiff’s pleadings and its evidence, particularly the quoted portion of Mr. White’s report, do permit the State to now raise on appeal the issue as to severance damages allowable to Joseph Rachl for the separate tract of 2.5 acres owned by him. Furthermore, the fact that the State has erroneously deposited an excess amount to cover severance damages does not prevent the state from claiming reimbursement for this excess. The applicable law is clearly set forth in LSA-R.S. 48:456 which reads as follows:
“Judgment as to difference awarded
“If the compensation finally awarded exceeds the amount so deposited, the court shall enter judgment against the department and in favor of the persons entitled thereto for the amount of the deficiency.
“If the compensation finally awarded is less than the amount so deposited, *109 the court shall enter judgment in favor of the plaintiff and against the proper parties for the amount of the excess. Added Acts 1954, No. 107, § 1.”
Having concluded that the State can raise this issue, we now address ourselves to the merits thereof. It is well established, as a general rule of law, that severance damages to remaining property are not recoverable where no part of the tract of land, of that particular owner, has been taken. See Buras Ice Factory, Inc. v. Department of Highways, 235 La. 158, 103 So.2d 74; Rudolph Ramelli, Inc. v. City of New Orleans, 233 La. 291, 96 So.2d 572.
However, the defendant, Joseph Rachl, contends that the instant case is an exception to the above stated general rule because (1) the defendants agreed in the above described compromise agreement, settling their title dispute, that they would use, develop and sell the entire 9.1 acres as a single unit. The only authority cited by the defendants for this exception to the general rule is 29 C.J.S., Eminent Domain § 140, p. 983 which reads as follows:
“Ownership as factor. The relationship growing out of the common ownership of the several parcels does not create the necessary unity. On the other hand, the fact that several tracts are owned by different persons does not preclude them from being regarded as one where they are contiguous and are used in common by the owners under a contract or other arrangement and each tract is more valuable by reason of that use than if used separately. However, tracts separately owned from the contiguous property of another which has been taken cannot ordinarily be attached to, and considered part of, the same parcel so as to be entitled to damages.”
However, even accepting, solely for the sake of argument, that the above statement of the law from 29 C.J.S. Eminent Domain § 140, p. 983 is correct, we do not find in the compromise agreement in the instant case any “contract or other arrangement” by which the defendants bind themselves to use the entire 9.1 acre tract as a unit. One of the defendants testified that such an agreement had been made, but it apparently was not put into writing and hence we cannot consider it as having any effect on the issues of this litigation, which involves realty.
Defendants make the further argument that the instant case should be considered as an exception to the above stated general rule because the 2.5 acre tract, owned by the defendant, Joseph Rachl, adjoins the 6.6 acre tract in which Rachl owns an undivided one-half interest and from which the expropriated property was taken. Counsel have not cited nor have we been able to find any Louisiana case dealing with this situation, but we do find a general statement in 18 Am.Jur. 912, Sec. 271 as follows:
“Application of Principle to Lands of Different Owners. — Tracts held by different titles vested in different persons cannot be considered as a whole where it is claimed” “that one is incidentally injured by the taking of the other for a public use. This is the rule although the owner of the tract taken holds an interest in the property claimed to be damaged, and although the two tracts are used as one.”
See also, “Orgel on Valuation Under Eminent Domain”, Vol. 1, page 228, et seq., Sec. 47, with an annotation of several cases from our sister states involving the situation at issue in the instant case. The cases are divided, but the courts seem most reluctant to award severance damages to a separately owned tract of land, no part of which was taken. This is particularly true where the two tracts are not at least in present use as one unit for the same purpose. The requirement of present use is found in the above quotation from 29 C.J.S. Eminent Domain § 140, p. 983 by defendants themselves. In the instant case *110 the property is undeveloped woodland, not being presently used as a single unit. In our opinion the award of any severance damage to the separately owned 2.5 acre tract of Joseph Rachl would require the consideration of highly remote and speculative contingencies. Counsel for defendants have cited no authority to the contrary.
Plaintiff’s next contention on appeal is that the award per acre for the servitude taken should be reduced from $1,600 to $1,250 per acre. Defendants have answered the appeal and asked that this award be increased from $1,600 to $3,000 per acre. Defendants contend that the trial judge apparently considered only two of the many comparable sales used by the expert witnesses, these two sales showing a per acre valuation of about $1,300. Defendants argue further that the trial judge ignored the testimony of their expert witnesses, based on comparable sales, which show that this property had a value of at least $2,350, before the taking, for light industrial purposes. Defendants also call our attention to State Through Department of Highways v. Yawn, La.App., 127 So.2d 545 and State Through Department of Highways v. Williams, La.App., 131 So.2d 600, recently decided by this court, in which we valued similar property in the same area at $2,117 per acre before the taking.
A reading of the detailed and well considered written opinion by the trial judge, shows that he did consider all of these circumstances and apparently concluded that before the taking this property had a value of approximately $2,000 per acre for light industrial use. However, the lower court noted particularly that in order to use this property for light industrial purposes a railroad spur track would have to be constructed across 8 existing pipelines which run parallel and adjacent to the north side of the existing railroad track which crosses' the extreme portion of this 9.1 acre parcel of land. The evidence shows that in order to construct a spur track across these pipelines they would have to be encased at a cost of approximately $3,000 to the landowner. The trial judge correctly concluded that a prospective purchaser of this property for light industrial use would consequently reduce by $3,000 the amount he would be willing to pay for the 9.1 acre tract. We therefore find no error in the lower court’s finding that this particular property must be valued at $1,600 per acre before the taking.
As to plaintiff’s last contention that the severance damage per acre to the jointly owned land should be reduced from $700 to $360 per acre, we find that there is very little difference in the opinions of the various expert witnesses, both for plaintiff and defendant, that after the taking the remaining property will be useful only for low cost residential purposes and will have a market value of about $900 per acre, which is the amount found by the trial court. We therefore conclude that the finding of severance damages to the jointly owned land, in the sum of $700 per acre, is fully supported by the evidence and must be affirmed.
For the reasons assigned the judgment appealed from is amended by annulling and setting aside the award to Joseph Rachl in the sum of $1,750 for severance damages to the 2.5 acres owned separately by him. Judgment is accordingly entered herein in favor of the plaintiff and against the defendant, Joseph Rachl, for said excess of $1,750 deposited in the Registry of the Court pursuant to the lower court’s judgment. Except as herein amended the judgment appealed from is affirmed. All costs of this appeal are assessed against the plaintiff, and the defendant, Joseph Rachl, in the proportion of one-half to each.
Amended and affirmed.
On Application for Rehearing
En Banc. Rehearing denied.
HOOD, J., recused.