182 So.2d 187 (1966)
GULF STATES UTILITIES COMPANY, Plaintiff and Appellant,
v.
Lee J. COMEAUX, Defendant and Appellee.
No. 1578.
Court of Appeal of Louisiana, Third Circuit.
January 18, 1966.
Rehearing Denied February 7, 1966.
*188 Bailey & Mouton, by W. C. Hollier, Lafayette, for plaintiff-appellant.
McBride & Brewster, by William H. McBride, Lafayette, for defendant-appellee.
Before FRUGÉ, TATE and HOOD, JJ.
HOOD, Judge.
Gulf States Utilities Company instituted this expropriation suit against Lee J. Comeaux. It has been consolidated for trial and appeal with several companion suits, including the cases of Gulf States Utilities Company v. Cormier, La.App., 182 So.2d 176, and Gulf States Utilities Company v. Comeaux, La.App., 182 So.2d 183 (No. 1576 of our docket). We are deciding all of the companion cases on this date.
The defendant owns the tract of land identified as Parcel 22-E in the plat or sketch which we prepared in deciding the Cormier suit, supra. The location and size of this tract, the use to which it is best suited, and the portion of it which is being taken for the servitude is shown in the opinions rendered in both of the above mentioned cases.
The trial judge found that Parcels 22-A through 22-F each had a value of $1200.00 per acre. He awarded the defendant in this case the sum of $625.00 for the property or rights taken, and the additional sums of $761.40 as severance damages and $180.00 as consequential damages. Plaintiff appealed, contending that the trial court erred in awarding severance and consequential damages. Defendant answered the appeal, demanding that the award for severance and consequential damages be increased, and that there be an increase in the fees allowed defendant's expert witnesses.
The appraisers who testified for plaintiff felt that no severance damages would be sustained, while defendant's experts were of the opinion that the remaining property would be reduced in value by 25 per cent. For the reasons set out in the Comeaux case, supra (No. 1576), we find no error in the holding of the trial court that defendant's remaining property sustained severance damages of 15 per cent, and we thus affirm the award of $761.40 as severance damages.
Defendant alleged in his answer, and the facts show, that in addition to Parcel 22-E he also owns a small lot which is designated as Lot 2 in the above mentioned plat or sketch. This lot is not contiguous to Parcel 22-E or to any other property owned by this defendant, and the servitude does not cross, abut or include any part of Lot 2, although the right-of-way is located within five or six hundred feet of the lot. Defendant contends that because of the proximity of the servitude to Lot 2, the market value of that lot will be reduced by the construction and maintenance of the electric transmission line, and that he thus is entitled to recover the amount by which the lot will be diminished in value.
The trial judge stated that "there appears to be no reason in theory for denying recovery to an owner who has suffered depreciation in the market value of his property because there has been no physical taking of any portion of it," citing and relying on a comment in XIX L.L.R., 491, 498, as authority for that statement. The trial judge then concluded that Lots 1 through 6, as shown in the above mentioned sketch, would be diminished in value by 15 per cent as a result of the taking, and that each of said lots had a fee value of $1200.00. He awarded the defendant in this suit, as the owner of Lot 2, the sum of $180.00 as damages to *189 this particular lot as a consequence of the taking. As we have already noted, plaintiff contends that the trial judge erred in making any award at all for this item, while defendant contends that the award of consequential damages should be increased to $390.00.
We agree with defendant that a physical invasion of real property or of a real right is not indispensable to the infliction of damages within the meaning of the provisions of Article 1, Section 2, of the Louisiana Constitution. However, consequential damages to a separate and independent tract of land, no part of which is physically taken or invaded for public purposes, are not recoverable unless the owner sustains special damages, caused by the public works, which peculiarly affect his property only and which are not sustained by the public or neighborhood generally. Jarnagin v. Louisiana Highway Commission, La.App. 2 Cir., 5 So.2d 660; Kendall v. State, Through Dept. of Highways, etc., La. App. 2 Cir., 168 So.2d 840; State, Through Dept. of Highways v. Rachl, La.App. 3 Cir., 136 So.2d 105; State, Through Dept. of Highways v. Williams, La.App. 3 Cir., 131 So.2d 600; and Rudolph Ramelli, Inc. v. City of New Orleans et al., 233 La. 291, 96 So.2d 572.
The evidence in the instant suit shows that Lot 2 is a separate and independent tract of land, no part of which is being taken or invaded for public purposes. The damages claimed by defendant to that particular lot are not special damages which peculiarly affect that property alone. On the contrary, if any damages are occasioned to Lot 2 by the taking or by the construction and maintenance of the electric line, then the same type of damages are and will be sustained by the public or neighborhood generally. We conclude, therefore, that defendant is not entitled to consequential damages because of the alleged diminution in value of Lot 2. The trial court erred in awarding consequential damages, and the judgment appealed from must be amended to delete this award of $180.00 to defendant.
Although we base our decision on the grounds hereinabove set out, we think it is appropriate to note that the evidence fails to establish that there will be any diminution in the market value of Lot 2 (or in any of the other tracts designated as Lots 1 through 6 on the sketch which appears in the Cormier case, supra) as a result of this taking or as the result of the construction and maintenance of an electric transmission line along the servitude.
Three of the four appraisers who testified at the trial, including one who was called by defendant, testified that there would be no diminution in value of any of these lots (Lots 1 through 6) as a result of the taking. The remaining appraiser, Lloyd Smith, testified originally that there would be no diminution in value of such lots, but he stated later in the trial that he changed his mind and then felt that there would be a diminution in value. He declined to give a reason for changing his opinion or for concluding that the maintenance of a transmission line along the right-of-way would affect or diminish the value of these nearby lots.
The trial judge, in holding that Lots 1 through 6 would be damaged as a consequence of the taking, observed that all of these lots are "in much closer proximity to the servitude than are the overall larger acreages in the other cases which are consolidated herewith." We agree that these lots are closer to the servitude than are some portions of the larger tracts which are traversed by the servitude. But in each of those instances, the severance damages sustained by the larger tract which was partially taken was due either to the fact that the property was divided by the right-of-way into two irregular parts, rendering the remaining portions less suitable for use as homesites, or it made it necessary for anyone entering or leaving the property to cross the servitude. In the instant suit, Lot 2 is not affected in any such manner by the taking *190 or maintenance of the transmission line. We cannot agree with the trial judge, therefore, that there will be any reduction in market value of Lots 1 through 6 as a result of this taking.
As noted in the Cormier case, supra, we will not disturb the allowance made by the trial judge as fees for the experts who testified at the trial.
For the reasons herein assigned, the judgment appealed from is amended by reducing the award made to defendant from the sum of $1566.40 to the sum of $1386.40. In all other respects, and as thus amended, the judgment of the district court is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.