HOOD, Judge.
This is an expropriation suit instituted by Gulf States Utilities Company against Johnny Comeaux. It was consolidated for trial and appeal with several companion suits, including the case of Gulf States *184 Utilities Company v. Cormier, La.App., 182 So.2d 176. We are deciding all of these companion cases on this date.
The tract of land affected by this particular suit is described as Parcel No. 22 in the sketch which appears in the Cormier case, supra. This parcel of land, along with Parcels No. 22-A through 22-G and Lots 1 through 6 (which are also involved in companion cases being decided this date), originally comprised one large .tract of land which was inherited and partitioned by Johnny Comeaux and others. All of these tracts are rectangular in shape and they lie about one mile northeast of the unincorporated village of Ossun. Parcels 22 through 22-F each contain. 4.84 acres, while Parcel 22-G and Lots 1 through 6 each contain only a fraction of an acre. Parcel 22-G and Lots 1 through 6 each have a frontage of 104 or 10S feet on a gravel road which runs along the north boundary of each such parcel, while the remaining tracts front only on a 40-foot dirt road which runs along the east boundary of Parcels 22 through 22-G. This dirt road was originally owned in indivisión by several defendants, but when the larger tract was partitioned the owners dedicated this strip for use as a public road and it has been used since that time as a public road. Due to the small size of each of these tracts, the experts generally agreed that their highest and best use is for rural homesites.
The 100-foot-wide servitude sought by plaintiff includes all of the above described 40-foot road and also approximately the east 60 feet of Parcels No. 22 through 22-G. It comprises .76 acres of each of Parcels 22 and 22-A, it includes .61 acres of Parcels 22-B through 22-F, and it covers .65 acres of Parcel 22-G. Although the entire 40-foot dirt road is included in the servitude, there will be no interference with the continued use of this road.
The trial judge found Parcel 22 to have a value of $900.00 per acre, taking a preexisting pipeline across the property into-consideration, and he awarded $575.00 for the value of the servitude. In addition, he assessed severance damages to Parcel 22 at 15 per cent of the fee value of the remaining land, and awarded $550.80 for these damages. Plaintiff appealed, the sole contention being that the court erred in awarding severance damages. Defendant answered the appeal, contending that the award made by the trial court for severance damages should be increased, and that there should be an increase in the fees allowed the experts who testified at the-trial.
The experts who testified in behalf of plaintiff felt that no severance damages were sustained by defendant, while those-who testified in behalf of defendant felt that the remaining property would be diminished in value by 25 per cent. In view of the fact that the servitude crosses the entire front of this small tract to a depth of 60 feet, and that the property is best suited for homesite purposes, we agree with the trial judge that the award of severance damages should be greater, in proportion to the remaining area, than were allowed in the Cormier case. We-find no error in the award of 15 per cent made by the trial court.
For the reasons assigned in the Cormier case, supra, we affirm the allowance made-by the trial court as fees for the expert witnesses.
For the foregoing reasons, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.