HOOD, Judge.
Gulf States Utilities Company instituted this expropriation suit against Johnny Co-meaux. It was consolidated for trial and appeal with several companion suits, including the cases of Gulf States Utilities Company v. Cormier, La.App., 182 So.2d 176, and Gulf States Utilities Company v. Comeaux, La.App., 182 So.2d 183. We are deciding all of these companion cases on this date.
The tract of land affected by this suit is described as Parcel No. 22-G in the plat or sketch which we prepared in connection with the ■ opinion rendered in the Cormier case, supra. The location and size of this parcel of land, the use for which it is best suited, and the portion of it which is affected by the servitude sought by plaintiff is shown in that sketch and in the opinions which we are rendering in the two above cited companion cases.
Since the servitude includes the major portion of this small tract, most of the experts agree, and the trial judge concluded, that the value of the servitude was equal to the value of the entire lot. We agree with that conclusion.
All of the appraisers who testified at the trial agreed that the property had a value of about $15.00 per front foot. The two appraisers who were called by plaintiff considered the lot to have a frontage of 104 or 105 feet on the gravel road, which runs along the north boundary of such lot, and they concluded that the fee value of *186 the entire tract was $1500.00, although one of these appraisers, Allen J. Angers, later raised his estimate to $1588.00 in view of the fact that defendant’s interest in the 40-foot dirt road also was being included in the right-of-way. The two appraisers called by defendant considered the lot to have a frontage of 144 feet on the gravel road, because they included that portion of the dirt road which lies immediately east of the property as being a part of Parcel 22-G, and they based their opinions as to the value on the assumption that this parcel had a frontage of 144 feet on the gravel road. Both of defendant’s appraisers valued the entire tract at $2160.00, but one of them, Lloyd Smith, felt that the servitude was worth only 90 per cent of the fee value, and he considered the value of the servitude to be $1950.00.
The trial judge, considering this to be a “total taking,” concluded that Parcel 22-G had a fee value of $1500.00, and he awarded that amount to defendant. Defendant appealed, contending that the award should be increased to $2060.00. No answer has been filed to the appeal.
As we stated in case No. 1576, a larger tract of land which included the 40-foot dirt road was originally owned in indivi-sión by the heirs of Eloi Comeaux, deceased. These heirs subdivided the larger tract into lots or parcels, and in partitioning the property each took certain lots or parcels. In the partition agreement, they dedicated this 40-foot strip of land for use as a public road, and since that time it has been used as a public road. Also, as we pointed out in that case, the taking of this servitude will not' interfere with the use of this public road. At the trial, however, the following stipulation was entered into with specific reference to the 40-foot dirt road:
“It is further stipulated by and between Counsel for Plaintiff and Defendants that for the purpose of awarding damages or monies to the defendants in this matter, in order to facilitate the computation and for that purpose only, the Court should consider in its award the frontage adjacent to each tract which is at the present time used as a public road, in computing the award of each of the individual owners adjacent to this roadway.”
Defendant contends that in view of this stipulation Parcel 22-G must be regarded as including the 40-foot dirt road. While the meaning of the stipulation or the purpose which it was intended to serve is not clear to us we assume that its purpose was as stated by defendant.
Assuming, however, that Parcel 22-G has a width of 144 feet, and a like frontage on the gravel road, it is obvious that the east 40 feet of that lot has little market value to defendant, since it is burdened with a public road servitude. It would be unrealistic to hold, as defendant urges us to do, that that portion of the lot which has been dedicated for use as a public road, and which is being used as such, has or had a market value of $15.00 per front foot, or the same value per front foot as is assigned to the remaining unencumbered portion of that parcel.
Although the trial judge did not assign reasons for concluding that Parcel 22-G had a value of $1500.00, other than that he considered it as a total taking, he apparently considered the 40-foot road as constituting a part of this parcel. Our reason for making that assumption is that he valued Lots 1 through 6 at $1200.00 each, while he valued Parcel 22-G at $1500.-00. Each of these lots would be equal in size and in other characteristics to Parcel 22-G if the dirt road is not included as a part of that parcel, and Parcel 22-G obviously would have been valued at $1200.-00, instead of $1500.00, if the dirt road had not been included. The fact that a greater value was assigned to Parcel 22-G indicates that the trial judge included that portion of the dirt road which lies adjacent to that parcel as being a part of it. Coun *187 sel for defendant acknowledges that the 40-foot dirt road was included as a part of Parcel 22-G, by stating in his written brief that, “It can therefore he confidently stated that the court attributed $1200.00 to the house lot of plaintiff (defendant), and $300.00 to the 40-foot strip.”
The evidence convinces us, as it did the trial judge, that the total fee value of Parcel 22-G does not exceed $1500.00, even considering that this parcel includes that part of the 40-foot dirt road which lies adjacent to it. We, therefore, affirm the award made by the trial judge for the taking.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.