HOOD, Judge.
This expropriation suit, instituted by Gulf States Utilities Company against Vina C. Comeaux, has been consolidated for trial and appeal with several companion suits, one of which is Gulf States Utilities Company v. Cormier, La.App., 182 So.2d 176, and all of which are being decided by us on this date.
The property affected by this suit is identified as Parcel 22-F on the plat or sketch appearing in the opinion which we rendered in the above cited case. The size, location and characteristics of this *191 parcel of land and the portion of it which is included in the servitude is shown in that case and in the companion case of Gulf States Utilities Company v. Comeaux, La.App., 182 So.2d 183.
The trial judge awarded defendant $625.-00 for the property or rights taken, $761.40 as severance damages and $180.00 as consequential damages. Plaintiff appealed, contending that the trial court erred in awarding severance and consequential damages. Defendant answered the appeal, demanding an increase in the awards of damages and in the fees allowed the expert witnesses.
All of the issues presented here in connection with the trial court’s award for the property taken, for severance damages to Parcel 22-F and for the fees of the expert witnesses were presented and were determined in the two cases above cited. For the reasons set out in those cases, we have concluded that the awards made by the trial judge for those items should be affirmed.
Defendant also owns Lot 3, as shown in the plat in the Cormier case, supra, and she claims consequential damages on the ground that the market value of this lot will be diminished by the construction and maintenance of the electric transmission line. No part of Lot 3 is included in the servitude, although the servitude is located in close proximity to that lot. The facts in this case are similar to those presented in Gulf States Utilities Company v. Comeaux, La.App., 182 So.2d 187, the only difference being that in the instant suit Lot 3 lies adjacent to Parcel 22-F, while in the Comeaux case the two parcels of land owned by the defendant are not adjacent to each other.
Although the south line of Lot 3 does abut the north line of Parcel 22-F, Lot 3 clearly is a separate and independent tract of land. It fronts on a gravel road and is valued on a front footage basis, while Parcel 22-F fronts on a dirt road and is valued by all of the appraisers on an acreage basis.
Since we conclude that Lot 3 is a separate and independent tract of land, no part of which is being taken or invaded for public purposes, the decision which we rendered in the Lee J. Comeaux case, supra, is applicable here. For the reasons assigned in that case, we conclude that the trial court erred in awarding consequential damages to defendant on the ground that the value óf Lot 3 would be diminished as a result of the taking.
For the reasons herein set out, the judgment appealed from is amended by reducing the award made to defendant from the sum of $1566.40 to the sum of $1386.40. In all other respects, and as thus amended, the judgment of the district court is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Amended and affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.