PROVOSTY, J.
The city of Baton Rouge having ordered the laying of sidewalks upon Champagne street upon which the property of defendant abuts, and having ordered all encroachments upon "said street obstructing the laying of said sidewalk to be removed, this is a suit against defendant to compel him to remove from the street his row of frame cottages which encroach from four inches to two feet upon said street.
[1] The right of a municipality to cause obstructions upon its streets to be removed may not be seriously questioned. Daublin v. Mayor, 1 Mart. (O. S.) 187; Sheen v. Stothart, 29 La. Ann. 630; New Orleans v. Kaufman, 138 La. 897, 70 South. 874. Defendant says that the city of Baton Rouge has no charter authority for doing this. But the authority is expressly conferred by the charter of the city (section 20 of Act 169 of 189S, pages 335 and 336), and if not expressly conferred would unquestionably belong to the city under the general welfare clause, for one of the main things a -municipality is organized for is to keep its streets clear.
Defendant’s main reliance is upon article 862 of the Civil Code, which reads:
“If the works, formerly constructed on public soil,' consist of houses or other buildings, which cannot be destroyed, without causing signal damage to the owner of them, and if these houses or other buildings merely encroach upon the public way, without preventing its use, they shall be permitted to remain, but the owner shall be bound, when he rebuilds them, to relinquish that part of the soil of the public way, upon which they formerly stood.”
[2, 3] Defendant’s frame cottages were constructed two years before the adoption of said ordinance. Whether, therefore, they may come under the designation of “works formerly constructed,” is very questionable. But we are clear that the damage which may be caused by the moving of these frame cottages back four inches or two feet cannot be the “signal damage” which the said article has reference to. The highest of the three-expert estimates of the cost is $35 per cottage. But defendant says that the city has no right to either move or compel him to move that part of these buildings which is within the line of his property; and that to cut off and destroy the part which projects beyond his line would cause him signal damage. This may be true, and it may be that the Court of Appeal should have framed its decree in conformity with that idea. We shall amend the decree accordingly. But this need not throw upon the city the costs of this court, as this-change in the decree will, we have no doubt,, prove to be one merely of form; for, no doubt, the defendant will prefer to let the buildings be moved back upon his property rather than suffer the protruding part of them to be cut off and removed. Of course, if-he should elect the latter course, the damage would be “signal,” but it would be of his own choosing, and thus fall under the maxim volenti non fit injuria.
In Village of Moreauville v. Boyer, 138 La. 1070, 71 South. 187, relied upon by defendant, the facts were that, for the building of a new levee and the providing of a new public road along the levee on the land side the yard of . Boyer was being taken without compensation, in the exercise of the servitude of levee and of road due the public by riparian proprietors, and an anciently constructed building was sought to be removed simply because it encroached slightly beyond the new property line that was being established for Boyer’s property. Between such a case and that of some frame cottages recently built upon an existing street in a city, there is, of course, no analogy.
It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal be amended so as to read as follows: It *479 is ordered, adjudged, and decreed that the sheriff of the parish of East Baton Rouge cause to be destroyed and removed at the expense of the defendant, T. Jones Cross, that part of the eight houses or cottages of the said defendant which extends beyond the property line of the lots Nos. 8 and 9 of square No. 1 in that part of the city of Baton Rouge known as Lorente Town into Champagne street, unless within 60 days from the date of this judgment the said encroachment upon said street shall have been removed, and unless notified by the said defendant before the expiration of the said 60 days that he elects to allow him, said sheriff, to move said houses back upon said lots so as to clear the street of them, in the event of which said election it is ordered that said sheriff move the said houses back so as to clear the street at the expense of the defendant, and that the defendant pay the costs of this suit.
LECHE, J., recused.