(109 So. 742)

No. 27927.

### CROSS v. CITY OF BATON ROUGE et al.

(June 30, 1926.    Rehearing Denied Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Municipal corporations ⬅667.**

Municipality, to such extent as will not interfere with use of sidewalks for passage, may license use of part of sidewalk for doorsteps, awnings, display of goods, and similar purposes.

**2. Municipal corporations ⬅667—Ordinance, penalizing construction of steps extending more than two feet on sidewalks, impliedly licenses construction of steps encroaching two feet or less thereon.**

Ordinance, providing that any person convicted of erecting doorsteps encroaching more than two feet upon any of the sidewalks, etc., shall be fined, etc., impliedly licenses construction of steps encroaching two feet or less on sidewalks, notwithstanding ordinance prohibiting erection of any permanent structures on city streets except as permitted by resolution of council.

**3. Municipal corporations ⬅671(5).**

Where steps encroaching on street had been constructed under license of general ordinance, city cannot, under special ordinance directed to abutting owner alone, cause removal of steps.

O'Niell, C. J., dissenting in part.

Appeal from Nineteenth Judicial District Court, Parish of East Baton Rouge; W. Carruth Jones, Judge.

Action for injunction by T. Jones Cross against the City of Baton Rouge and others. From the judgment plaintiff appeals. Reversed.

Cross & Moyse, of Baton Rouge, for appellant.

H. Payne Breazeale, City Atty., of Baton Rouge, for appellee.

OVERTON, J. Plaintiff is the owner of a two-story brick building that was constructed some years ago on lot No. 6 of square No. 4, in the city of Baton Rouge, measuring 64 feet front on the north side of Main street by a depth along the west side of Fifth street of 85⅓ feet. The building was designed to be used as a store and also as a residence, and was built along the property line on Fifth street. Plaintiff concluded to have the building remodeled and employed an architect to prepare plans and specifications for that purpose. When the plans and specifications were completed, they were submitted to plaintiff, who observed that the proposed arrangements for entering the building from Fifth street, that being the entrance for going upstairs, were very much the same as they then were and had been. He also observed that, in connection with this entrance, the plans and specifications called for the construction of two concrete steps, which, due to the fact that the building was located along the property line, would necessarily encroach 18 or 20 inches on the sidewalk on Fifth street. He called the architect's attention to the encroachment, but, upon receiving assurances from him that the encroachment was not in violation of the building regulations of the city, let the contract for remodeling it. The contractor applied to the city for a permit to do the work. The permit was issued, though it is not likely it would have been issued voluntarily, we judge from this litigation, had the city had knowledge of the proposed encroachment. When the remodeling of the building was nearing completion, the building inspector visited the premises and observed that the contractor was building the concrete steps on the sidewalk, encroaching thereon for a distance of 18 or 20 inches, and protested against the encroachment, and ordered the steps, which were then nearly completed, removed. Later, the mayor and other officials visited the work. Plaintiff was then absent, but was represented by his son, with whom an arrangement was made that the work on the steps should cease until his father's return, when the matter would be taken up for adjustment. Later, however, the contractor, not wishing the fulfillment of the contract delayed, finished the construction of the steps, without the knowledge of plaintiff's son. When plaintiff returned, he was

seen concerning the matter and was ordered to remove the steps, but, failing to do so, the commission council of the city passed an ordinance declaring that the steps constitute an encroachment on Fifth street and obstruct the full use thereof, and ordering the commissioner of public parks and streets to notify plaintiff to remove them, and if plaintiff should fail to do so, then to cause them to be removed.

After the passage of this ordinance, plaintiff, alleging that he had a right to construct said steps, applied to the district court for the parish of East Baton Rouge for a writ of injunction to prohibit the city and the commissioner of public parks and streets from removing them, and from interfering with the free use thereof. A rule nisi was issued on the application for the injunction, and, in due course, the city and the commissioner filed their answer to the rule. In it they deny that plaintiff had the right asserted by him to construct said steps on the sidewalk, and aver that it is the duty of the city to cause them to be removed.

The evidence adduced on the trial of the rule nisi shows, in addition to the facts above stated, that steps have been constructed in various parts of the city, which are still in use and which encroach upon the sidewalks, and that the sidewalk upon which the building abuts is 13 feet wide, about 8 feet of which, measuring from the property line, is paved.

On the trial of this case, three sections of the ordinances of the city of Baton Rouge, revised and compiled in 1905, were offered in evidence. One of these sections, section 346, reads as follows:

"Any person convicted of erecting or causing to be erected for their use doorsteps, *encroaching more than two feet upon any of the sidewalks or banquettes of the city* shall be fined in a sum not exceeding ten dollars or five days, at the discretion of the city judge, who shall order the removal of the same." (Italics ours.)

Another of the sections offered in evidence is section 347, which reads:

"No permanent structure whatever shall be permitted to be erected upon the streets or banquettes of this city except in special instances where such may be permitted by a resolution of the council; provided that show windows shall extend not more than fourteen inches on the street."

Another section of the ordinances of the city was offered in evidence. This section is not quoted here, for it regulates merely the space that may be used for the display of goods and merchandise and the like on the sidewalks.

The encroachment, in this instance, is only slight. It is not such as to interfere appreciably, if at all, with the ordinary use of the sidewalk. It is not such as to be deemed a nuisance.

[1] It is not uncommon for abutting owners to use a part of the sidewalk for doorsteps, for awnings, for the display of goods, and for other similar purposes. A municipality to a reasonable extent—to such an extent as will not interfere with the use of the sidewalks for passage, or make them dangerous for that purpose—may license such use. Livingston v. Wolf, 136 Pa. 519, 20 A. 551, 20 Am. St. Rep. 936.

[2] One of defendant's contentions is that the city has, by general ordinance, impliedly licensed such encroachments as he has made. His position is that section 346 of the Revised Ordinances of the city grants such license by implication. In this, we think that he is correct. The city by penalizing one for constructing steps extending more than two feet on the sidewalks, and ordering their removal, has impliedly licensed and sanctioned the construction of steps, encroaching two feet or less thereon, for why order the removal of steps, and penalize one for constructing them, when the steps extend more than two feet on the sidewalk, and not order the removal of steps that extend two feet or less on the sidewalk, unless it was the intention to permit the construction of the latter? See Livingston v. Wolf, supra. Section 347 of the Revised Ordinances of the city, quoted

above, granting that this section is constitutional without so deciding, does not call for a view contrary to the one above expressed, for the reason that section 346 relates specifically to encroachments by doorsteps, whereas section 347 does not.

Counsel for the city cites, as being similar to the case at bar, the case of the City of Baton Rouge v. Cross, 142 La. 476, 77 So. 121. However, the permission granted by section 346 of the Revised Ordinances is sufficient, in our view, to differentiate this case from the one cited. Moreover, the city, in the cited case, required the space occupied by the buildings, ordered removed, in order to properly lay sidewalks on the street on which they encroached.

· [3] The steps having been constructed under a general ordinance, we are not of the opinion that the city, under a special ordinance, directed against plaintiff alone, has the right, under the facts stated, to cause the removal of the steps.

For the reasons assigned, it is ordered that the judgment appealed from be reversed and set aside, and that the preliminary injunction, prayed for, be issued.

O'NIELL, C. J., dissents from the ruling that the ordinance designated as section 347 is not applicable.