BLANCHE, Judge.
Plaintiff instituted this suit against defendant for the two-fold purpose of seeking: (1) to have defendant be judicially *63 required to remove a canopy and electric sign attached to defendant’s building which fronts on Louisiana Highway No. 3089 within the city limits of Donaldsonville, Louisiana, which canopy and electric sign allegedly encroach upon the right of way of said highway a distance of 6.7 feet, and (2) to have defendant enjoined from interfering with the construction of a State highway project improving said highway, plaintiff alleging that defendant was preventing plaintiff’s employees and contractor from going upon the right of way at a point directly in front of defendant’s business fronting on said highway. Plaintiff had the trial court issue a rule directed to defendant to show cause why defendant should not be compelled to remove the alleged encroachment and why a preliminary injunction should not issue against defendant enjoining him from interfering with the highway improvement project. Defendant filed an exception denominated “No Right and/or Cause of Action,” which exception alone was heard by the trial court. No evidence was introduced, argument was made and at the conclusion of the argument the trial court rendered judgment sustaining the exception of “No Right and/or Cause of Action” and dismissing plaintiff’s suit. From this judgment plaintiff perfected a suspensive appeal. We reverse.
The exception filed by defendant to the rule contends that the plaintiff has no right to proceed by summary procedure, contends that plaintiff has no right or cause of action to proceed for the reason that the plaintiff is attempting to appropriate unlawfully defendant’s property without due process and payment of just and adequate compensation therefor, and further contends that plaintiff has no right or cause of action to proceed in accordance with LSA-R.S. 48:347 and R.S. 13:5035 for the reason that the canopy and electric sign have allegedly lawfully been in place for some time prior to plaintiff’s acquiring any of its rights.
The trial court ruled that plaintiff would have to pay for the property which it was allegedly seeking to expropriate and further reasoned that the canopy and electric sign in question were never illegally placed where they were in the first place. This conclusion was drawn without any evidence being adduced.
To the extent that the exception filed by defendant constitutes an exception of no cause of action, it is clear that for the purposes of such exception, the well-pleaded allegations of fact of plaintiff’s petition must be accepted as true, and no evidence may be introduced in support of such exception, Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir. 1967). The allegations of fact contained in plaintiff’s petition clearly state a cause of action inasmuch as it is alleged that the canopy and electric sign encroach within the right of way of the highway in question, and plaintiff has the right to seek removal of such encroachments or obstructions, Louisiana Revised Statute 48:347; see City of Baton Rouge v. Cross, 142 La. 476, 77 So. 121 (1917). Defendant’s contentions that the electric sign and canopy do not encroach upon or obstruct the existing right of way or that they were lawfully attached to defendant’s building, can only be established at a trial on the merits or similar proceeding where evidence may be adduced.
To the extent that the exception filed by defendant purports to constitute an exception of no right of action, it is clear that such an exception has merely the limited purpose of determining whether plaintiff has the requisite capacity, right or interest to institute the suit in question. The exception of no right of action cannot be used by the defendant to raise a matter which properly constitutes a defense on the merits instead of an attack upon the capacity and the right of plaintiff to bring the suit. Langley v. Copolymer Rubber and Chemical Corporation, 233 So.2d 353 *64 (La.App. 1st Cir. 1970); American Bank and Trust Company v. French, 226 So.2d 580 (La.App. 1st Cir. 1969); Bielkiewicz v. Rudisill, cited supra. It is clear from the record that plaintiff has the requisite capacity, right and interest to bring the suit in question, and an exception of no right of action cannot properly be sustained.
To the extent that the exception filed by defendant purports to contest the right of plaintiff to proceed summarily, it is clear that such an exception, properly denominated a dilatory exception of unauthorized use of summary procedure, is without merit on the basis of the record herein. Plaintiff has clearly alleged in the first place that defendant’s canopy and electric sign encroach upon the highway right of way, and plaintiff is, therefore, properly bringing a suit for trespass or for possession of real property, which type of action the State is specifically authorized to institute as a summary proceeding as provided in LSA-R.S. 13:5035.[1]
Similarly, the institution of a rule for preliminary injunction against the defendant was likewise clearly a proper use of summary procedttre, Louisiana Code of Civil Procedure, Articles 2592, 3602, 3606.
The contention of defendant that plaintiff is seeking to appropriate defendant’s property unlawfully involves the question of whether or not defendant’s canopy and electric sign lawfully encroach upon the highway right of way, which is a matter which properly addresses itself to the merits.
For the foregoing reasons, the judgment sustaining the exception of “No Right and/or Cause of Action” is reversed, and this case is remanded to the trial court for further proceedings not inconsistent with this opinion. All costs of court associated with this appeal are assessed to defendant.
Reversed and remanded.

. R.S. 13:5035 provides the following:
“All suits for trespass, for damages, or for possession of real property, filed by the state against any person, firm or corporation, and all matters incidental thereto shall be heard and determined by the court in a summary manner, in term time, or vacation. Should a trial by jury be demanded, a special panel shall be drawn for such purpose in accordance with the presently existing law. All judgments rendered in any of these causes shall also be tried summarily by the appellate court having jurisdiction.”