284 So.2d 850 (1973)
Ferdinand W. DIMM
v.
Herman GRANIER, Sr.
No. 5742.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
*851 Sidney A. Marchand, III of Talbot, Sotile & Carmouche, Donaldsonville, for plaintiff-appellant.
G. Walton Caire, Edgard, for defendant-appellee.
Before LEMMON, J., and FEDOROFF and GAUTHIER, JJ. pro tem.
GERALD P. FEDOROFF, Judge pro tem.
Plaintiff sought an injunction compelling defendant to remove certain obstructions from a public road dividing their respective properties. Defendant filed a peremptory exception, raising the objections of no cause of action and no right of action.
After a hearing on the exception, the District Court decreed that:
"The defense of unconscionable conduct or `unclean hands' on the part of the plaintiff is recognized and maintained, and the demands of the plaintiff are dismissed at his costs."
Plaintiff appeals this judgment.
It appears that no evidence was offered in support of the exception. Nevertheless, there is in the record two surveys of the properties and road in question, dated January 29, 1971 and June 10, 1970. Their physical presence in the record is unexplained. The District Court's findings and reasons are based entirely on an analysis of these surveys.
The court erred in giving effect to these documents at this stage of the proceedings.
In considering the objection of no cause of action, plaintiff's well-pleaded facts must be accepted as true. Evidence may not be considered in connection therewith. *852 C.C.P. art. 931; Caronna v. Louisiana Dept. of Highways, 208 So.2d 430 (La.App. 4th Cir. 1968); Department of Highways v. Capone, 248 So.2d 62 (La. App. 1st Cir. 1971). The circumstance that the surveys may have formed part of the public records, of which the District Court could perhaps take judicial notice (Mecom v. Mueller, 235 So.2d 597 (La. App. 4th Cir. 1970)), does not obviate the error. Judicial notice is a substitute for, and the equivalent of, evidence and facts should not be "noticed" unless otherwise admissible. C.C.P. art. 1394. The surveys therefore could not be engrafted on plaintiff's pleadings.
The objection of no right of action "has merely the limited purpose of determining whether plaintiff has the requisite capacity, right or interest to institute the suit in question. The exception of no right of action cannot be used by the defendant to raise a matter which properly constitutes a defense on the merits instead of an attack upon the capacity and right of plaintiff to bring the suit." Department of Highways v. Capone, supra.
As an owner abutting the public road which defendant is alleged to have obstructed, plaintiff has the "right" or interest to seek its removal. Harris v. Adams, 203 So.2d 809 (La.App. 4th Cir. 1967). If the conduct of plaintiff constitutes an estoppel, such must be pleaded as an affirmative defense. C.C.P. art. 1005. See C.C.P. art. 927, comment C. Evidence thereof is irrelevant to a determination of plaintiff's interest in the action.
In oral argument defendant argues that the petition does not allege facts which would constitute grounds for issuance of an injunction. Plaintiff alleged that he is suffering irreparable injury, loss and damage caused by defendant's obstruction of the road, which prevents plaintiff's free use and enjoyment of his property as a campsite. Since plaintiff would be entitled to injunctive relief if he proves these allegations at a trial on the merits, he has stated a cause of action.
The judgment of dismissal is therefore reversed, and it is now ordered that the peremptory exceptions be overruled and that the defendant file responsive pleadings within twenty days after this judgment becomes final. The cause is remanded to the trial court for further proceedings consistent with the opinions expressed herein. All costs of this appeal are assessed to defendant-appellee.
Reversed and remanded.