HOOD, Judge.
The Department of Highways of the State of Louisiana instituted this action for judgment ordering defendant, Dewey Glen Trichel, to remove a fence from a state highway right-of-way. The trial court rendered judgment for defendant, dismissing the suit. Plaintiff appealed.
The issues presented are (1) whether this is a petitory action, requiring the Department of Highways to make out its title to the right-of-way, and (2) whether defendant was authorized by the Department of Highways to construct the fence at its present location.
On October 13, 1931, Sarah Beabers sold and conveyed to the State of Louisiana and the Louisiana Highway Commission a right-of-way on and across a tract of land owned by the vendor in Natchitoches Parish. The servitude conveyed by that deed was to be used for the construction of State Highway Route No. 606, which was later redesigna-ted as State Highway Route No. 480. A part of the right-of-way conveyed by that deed was 60 feet wide (that is, 30 feet on each side of the center line of the highway), and the remaining part of that right-of-way, being a strip of land 345.6 feet long, was 80 feet wide (that is 40 feet on each side of the center line of the highway).
A highway was built on and over that-right-of-way in 1936, and at that time concrete markers were placed on the ground at relatively close intervals marking the outside boundaries of the right-of-way. Each such marker consisted of a concrete post, six inches square at the top and five feet long. Three feet of each marker was in the ground, and two feet of it was visible above the ground. The letters “LHC” were imprinted on the upper part of each marker, indicating that it marked the right-of-way of the “Louisiana Highway Commission.” At the places where the highway right-of-way was 60 feet wide as it crossed the Beabers property, markers were placed 30 feet north of the center line of the Highway. Along the 345.6 foot stretch of that right-of-way which was 80 feet wide, however, the markers were installed 40 feet north of the center line of the highway. The boundary line between the Trichel property and the highway right-of-way was somewhat irregular, therefore, since a part of the right-of-way at that point was 60 feet wide and the rest of it was 80 feet wide.
On July 21, 1971, defendant Trichel purchased from Lucille Waldrup an 11 acre tract of land, described in part as being “Lot Four (4) of the division of the Sarah Babers property. . . .” The evidence indicates, and the parties seem to agree, that the tract acquired by Trichel at that time was a portion of the property which Sarah Beabers owned originally, and that a part of the tract acquired by defendant was located adjacent to and immediately north of the right-of-way which Mrs. Beabers granted to the Highway Commission in 1931.
A few weeks after Trichel acquired the above tract of land he constructed a fence along the south side of his property, near the north boundary of the highway right- *412 of-way, on a line which he apparently considered to be the boundary between his property and the highway servitude. The evidence, including a plat of survey made by a registered surveyor, shows that the fence was constructed along a relatively straight line, although the north boundary of the right-of-way was not straight, and that a substantial part of the fence was located on the right-of-way, that is, within the boundaries of that servitude. The concrete markers indicating the boundaries of the right-of-way were in place when the fence was built, and they plainly marked the north line of that right-of-way. Despite these markers, however, the fence was constructed several feet south of some of those markers. At one point the fence was about 15 feet south of a marker which indicated the north boundary of the servitude.
Defendant Trichel testified that before he constructed the fence he telephoned someone at the Highway Department substation, at Campti, Louisiana, and informed him that he intended to build the fence, and he stated that he was told by that person to build the fence 30 feet from the center line of the highway. The person at the sub-station also informed Trichel that he would have two men at the site the next day to tell him exactly where to start the fence. Defendant does not know who he talked to at the sub-station, or what position that person held with the Highway Department. Trichel also did not go to the place where the fence was to be built the next day, and he thus did not see or talk to the two men who were to meet him there. Defendant stated, however, that the fence actually was constructed 30 feet from the center line of the existing highway. He concedes that he saw the concrete markers along the north side of the highway, but he said that he ignored them and built his fence 30 feet north of the center line, in spite of the fact that the fence line was between the markers and the road bed of the highway. A utility pole was located in that area, within the right-of-way, a few feet south of the above concrete markers. Defendant located his fence south of that utility pole, thereby enclosing that pole as well as several concrete boundary markers in his fenced-in enclosure.
Defendant’s mother and his uncle testified that two men came to the site on the day the construction of the fence was begun, and told them to locate the fence 30 feet from the center line of the highway. The witnesses did not know either of the men, although defendant’s uncle said that one identified himself simply as “Conlay.” There is nothing in the record to show who the men were, or what connection they had or may have had with the Highway Department.
On November 20, 1971, the District Engineer for the Department of Highways wrote to defendant Trichel, advising him that the fence which the latter was then in the process of constructing was within the limits of the highway right-of-way, as clearly defined by markers. The letter concluded with the following request and statement:
“I am requesting that you remove that portion of fence already constructed from within the limits of our right-of-way. If this is not done I will have no other alternative but to request our Parish Forces to remove the fence and bill you for the expense of labor and equipment involved.”
That letter was sent by certified mail and was received by defendant on November 22, 1971. Despite the request contained in that letter, Trichel completed the construction of his fence inside the right-of-way boundaries. He gave as his reasons for doing so that the construction of the fence was almost complete by that time, and that he had done some checking and had found that there were some right-of-way markers in that general area, where the highway abutted property owned by parties other than the defendant, which were less than 30 feet from the center line of the highway.
This suit was instituted by the Department of Highways on February 26, 1976. Plaintiff alleges and contends that the fence constitutes an encroachment on the *413 highway right-of-way, in violation of LSA-R.S. 48:347, and that it is entitled to judgment ordering defendant to remove the encroachment from the right-of-way.
In response to plaintiff’s demand, a rule was issued directing defendant to show cause why he should not be required to remove the fence. The only defenses alleged by defendant are (1) that the Department has maintained and exercised the right-of-way only to the extent of 60 feet, (2) that defendant has not encroached on the right-of-way since the fence is located exactly 30 feet from the center line of the highway, (3) that since the fence was constructed in 1971 the Department of Highways is equitably estopped from pursuing its claim for encroachment, and (4) that the fence “was built and constructed in its location with the advice and consent of the highway department personnel, namely Mr. Conley.” We do not consider any of these pleadings as constituting an assertion of ownership of the right-of-way by defendant, or as contesting the ownership of plaintiff.
After trial, judgment was rendered by the trial court in favor of defendant, dismissing the suit. The trial court, after citing and quoting from Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974), reasoned that the Department had failed to “make out its title” to the servitude, as required by LSA-C.C.P. art. 3653, and that it thus failed to carry its burden of proof. The court obviously regarded the action instituted by the Highway Department as being a petitory action. It is from that judgment of dismissal that the present appeal was taken.
On this appeal the only arguments made by defendant are (1) that the trial court correctly dismissed the suit because the Department of Highways failed to “make out its title,” as required by LSA-C.C.P. art. 3653 and Pure Oil Co. v. Skinner, supra, and (2) that the Highway Department expressly authorized defendant to construct the fence at its present location.
There is no dispute in the instant suit as to the ownership of the highway right-of-way. The Department of Highways does not seek a judgment recognizing it as owner of that servitude, and defendant does not claim the ownership of it, nor does it dispute the Department’s title to it. This is merely a summary proceeding, in the nature of an action for eviction or for trespass, instituted by the Department of Highways to compel the removal of structures or obstacles on the highway right-of-way, as specifically authorized by LSA-R.S. 48:347 and by LSA-R.S. 13:5035.
The pertinent parts of LSA-R.S. 48:347 provide:
“A. The department may apply to the court for any process necessary to prevent the installation of any structure, sign, obstacle, object, deposit, or thing within the limits of a highway contrary to this Chapter or any lawful regulation issued hereunder.
# sjs * % sf:
“C. Whenever any of the things described in subsection A of this Section are found to exist within the limits of a highway, the department may summarily remove and dispose of it at the expense of the person responsible therefor. If it retains apparent value, the owner shall be notified, orally or in writing, to remove it within five days or such other period as may be agreed upon. If the owner be unknown or cannot be found, a written notice shall be affixed to the object setting forth that it must be removed within a period not less than five days from the date specified. Failure to remove within the specified period operates as a forfeiture of all rights thereto and the department may remove the object for its own use, or dispose of it at private or public sale, or destroy it, or dispose of it in any manner. The owner and any other person responsible therefor remains liable for any damage to public property or expenditure of highways funds resulting from the installation or removal of such things. As amended Acts 1954, No. 126, § 1.”
LSA-R.S. 13:5035 provides:
*414 “All suits for trespass, for damages, or for possession of real property, filed by the state against any person, firm or corporation, and all matters incidental thereto shall be heard and determined by the court in a summary manner, in term time, or vacation. Should' a trial by jury be demanded, a special panel shall be drawn for such purpose in accordance with the presently existing law. All judgments rendered in any of these causes shall also be tried summarily by the appellate court having jurisdiction.”
In Department of Highways v. Capone, 248 So.2d 62 (La.App. 1 Cir. 1971), the Department instituted a summary proceeding under the provisions of the above cited statutes, seeking a judgment requiring defendant to remove a canopy and sign which allegedly encroached on the highway right-of-way. The defendant filed exceptions contending, among other things, that the Department was attempting to appropriate defendant’s property, and further that the Department had no right to proceed under the above cited statutes because the canopy and sign had been in place before the Department acquired its rights. The trial court sustained exceptions of no right and no cause of action filed by the defendant. The First Circuit Court of Appeal reversed the trial court, however, holding that the suit could be maintained by the Highway Department as a summary proceeding under LSA-R.S. 48:347 and LSA-R.S. 13:5035.
A similar issue was presented in Giardina v. Marrero, 310 So.2d 607 (La.1975), although the suit was not instituted by the Highway Department. Our Supreme Court held, however, that the Highway Department could have instituted an action to remove the sign under LSA-R.S. 48:347, even though there was a dispute as to the ownership of the property on which the encroaching sign was located.
In both of the cited cases issues were presented as to the ownership of the property, and thus there were more reasons to treat those' cases as being petitory actions' than exist in the instant suit where no such issue is presented. In neither case, however, were the provisions of LSA-C.C.P. arts. 3653 or 3654 applied, and in neither was there a suggestion that the Department of Highways must “make out its title” before it could compel the removal of an obstacle on the highway right-of-way.
We think the rules applied in Capone and in Giardina, supra, are applicable here and that the Department of Highways may maintain a summary proceeding under LSA-R.S. 48:347 and LSA-R.S. 13:5035 to compel the removal of the fence which defendant constructed on the highway right-of-way. We hold that the instant suit is not a petitory action, nor is it in the nature of such an action, and that neither the provisions of LSA-C.C.P. art. 3653, nor the holding in Pure Oil Co. v. Skinner, supra, are applicable here.
The evidence shows that the Department of Highways owns the right-of-way, and that the fence constructed by defendant encroaches on that servitude. We believe that the Department of Highways is not required to “make out its title” in an action instituted under LSA-R.S. 48:347, and that the trial court erred in dismissing this suit because of the failure of plaintiff to meet that heavy burden of proof.
Defendant’s final argument is that the Department gave him express authority to build the fence 30 feet from the center line of the highway. There is no merit to that argument. The evidence does not show who gave defendant that permission, or whether the person giving it had authority to do so.
Our ultimate conclusion is that plaintiff is entitled to the relief which it seeks, and that the judgment of the trial court dismissing the suit must be reversed.
For the reasons herein assigned, the judgment appealed from is reversed, and the case is hereby remanded to the district court for the formation and rendition of a judgment in favor of plaintiff, Department of Highways of the State of Louisiana, and against defendant, Dewey Glen Trichel, ordering and compelling defendant to remove his fence from the highway right-of-way, *415 specifying the time within which the removal is to be completed, and granting to plaintiff such other relief as may be appropriate consistent with the views herein expressed. The costs of the suit and of this appeal are assessed to defendant-appellee.
REVERSED AND REMANDED.