CHIASSON, Judge.
The State of Louisiana, through the Department of Transportation and Development (State) filed a petition and obtained a rule to show cause why defendant-appellee, Nolan Hills, should not be ordered to remove a structure that allegedly encroached on the State’s right-of-way. The trial court ruled in favor of defendant Hills and the State appealed.
The State contends that defendant’s house, located at 1405 Central Road, encroaches 1.35 feet on the right-of-way of “B” Street, being a part of 1-110 of the Interstate Route in East Baton Rouge Parish.
Two tracts of land are considered in this litigation. The first is a tract acquired by the State on September 13, 1978, known as the “Hollins property”. The limits to the property is claimed by the State to have been established by its survey in 1977. The second is the property designated as the “Martin property” which now belongs to Hills. The Hollins property is contiguous to and west of the Martin property.
Mr. Hills had acquired the Martin property from his wife’s aunt, Mrs. Myrtle Martin Hickman, on December 15, 1970. Mr. Hills and his family had been living on the Martin property since 1962. Mrs. Hickman had lived on the Martin property virtually all of her life having acquired ownership of the property on the death of her father in 1940.
In 1972, the Hills built the family home that is claimed to be encroaching on the State’s right-of-way. Both Hills and Mrs. Hickman relied on a survey and Act of Exchange that were executed in 1957 as the determining factors in the location of their property line. It was common knowledge among the members of both the Martin family and the Hollins family, and was spe *1228 cifically depicted on the survey, that the Hollins home was encroaching on the property of the Martins. The Martins and later the Hills had farmed and worked the land that was between the two family homes.
The State brought this matter as a summary proceeding under La.R.S. 48:347, which reads as follows:
“A. The department may apply to the court for any process necessary to prevent the installation of any structure, sign, obstacle, object, deposit, or thing within the limits of a highway contrary to this Chapter or any lawful regulation issued hereunder.
“B. Whenever any advertising sign located within fifty feet of the outer edge of the right of way constitutes a dangerous hazard to the traveling public, the department may, after due notice to the owner thereof to remove it, apply to the district court of the parish in which the sign is located for the process necessary to effect the removal of the sign.
“C. Whenever any of the things described in Subsection A of this Section are found to exist within the limits of a highway, the department may summarily remove and dispose of it at the expense of the person responsible therefor. If it retains apparent value, the owner shall be notified, orally or in writing, to remove it within five days or such other period as may be agreed upon. If the owner be unknown or cannot be found, a written notice shall be affixed to the object setting forth that it must be removed within a period not less than five days from the date specified. Failure to remove within the specified period operates as a forfeiture of all rights thereto and the department may remove the object for its own use, or dispose of it at private or public sale, or destroy it, or dispose of it in any manner. The owner and any other person responsible therefor remains liable for any damage to public property or expenditure of highways funds resulting from the installation or removal of such things.” (Emphasis added).
Defendant Hills filed a dilatory exception under La.C.C.P. art. 926 of unauthorized use of summary proceeding. His contention was that this proceeding was actually a real action of ownership since both parties were claiming ownership of the disputed area.
The trial judge, before the show cause hearing, overruled the exception basing his decision on La.R.S. 13:5035, which authorizes the State to proceed in a summary manner in “suits for trespass, for damages, or for possession of real property.” Though the exception was overruled, the trial court made the determination that the State failed in its burden of proving it was the owner of the disputed area and therefore no encroachment had been shown.
A review of these statutes is appropriate for a correct analysis of when the State may bring actions thereunder.
Under Subsection A of La.R.S. 48:347, the State may only use this summary proceeding “to prevent the installation of any structure, ...” (Emphasis added). It is clear that if a structure is being installed or constructed on the property after the State acquired the right-of-way, it may use the summary proceeding under Subsection A above. On the other hand, Subsection A does not deal with a pre-existing structure — one installed before the acquisition of adjoining property by the State.
Appellant contends that this suit was brought under Subsection C of the statute which does not delineate between subsequent erection of a structure or previously erected structure. Subsection C does not require the State to use court process to remove any structure, sign, object, etc., as do Subsections A and B. The State did not in fact proceed under Subsection C of this statute but rather resorted to court action to enforce its rights.
The criteria under any of these subsections though, is that the State actually owns the real right or the land upon which the structure is located. In this case the ownership of the land is in dispute.
*1229 As under La.R.S. 48:347, the State may proceed in a summary manner under La. R.S. 13:5035 in a suit for trespass, for damages or for possession of real property only when it is the undisputed owner of the land or of the real right thereto.
In the eases cited by the parties hereto, there was no dispute as to the ownership of the property. In Department of Highways v. Trichel, 343 So.2d 410, 413 (La.App. 3rd Cir. 1977), the Court of Appeal makes the following statement:
“There is no dispute in the instant suit as to the ownership of the highway right-of-way. The Department of Highways does not seek a judgment recognizing it as owner of that servitude, and defendant does not claim the ownership of it, nor does it dispute the Department’s title to it. This is merely a summary proceeding, in the nature of an action for eviction or for trespass, instituted by the Department for Highways to compel the removal of structures or obstacles on the highway right-of-way, as specifically authorized by LSA-R.S. 48:347 and by LSA-R.S. 13:5035.”
In Giardina v. Marrero Furniture Company, Inc., 310 So.2d 607 (La.1975), it was not the State who instituted the action, but an adjoining landowner who wanted removal of a sign placed by a third party upon the State’s right-of-way. The court did make reference to La.R.S. 48:347, but the applicable subsection in that case would have been Subsection B, which allows the State to remove any sign within fifty (50) feet of the outer edges of the State’s right-of-way.
Finally, the Trichel, case, supra, cites Dept. of Highways v. Capone, 248 So.2d 62, 64 (La.App. 1st Cir. 1971) as authority for the proposition that the State may proceed summarily under La.R.S. 48:347 and 13:5035. In that case an exception of no right to proceed summarily was filed and the court stated:
“To the extent that the exception filed by defendant purports to contest the right of plaintiff to proceed summarily, it is clear that such an exception, properly denominated a dilatory exception of unauthorized use of summary procedure, is without merit on the basis of the record herein. Plaintiff has clearly alleged in the first place that defendant’s canopy and electric sign encroach upon the highway right of way, and plaintiff is, therefore, properly bringing a suit for trespass or for possession of real property, which type of action the State is specifically authorized to institute as a summary proceeding as provided in LSA-R.S. 13:5035.” (Footnote omitted).
The record before the court in the Capone case, supra, was limited because the case was before it on an exception of no cause of action. The court had to accept as true all facts pleaded in the State’s petition. In this case, the trial court heard the case on the merits and had the entire record before it, which establishes that ownership is in dispute. Because ownership is in dispute, the trial court in the present suit should have sustained the exception instead of deciding the merits of the case on the basis of ownership in favor of the defendant.
The right to use summary proceeding granted to the State by the statutes can only be used when there is no dispute as to ownership. In this case there is a dispute as to ownership, with the State claiming title under the sale from the Hollins, while the defendant claims ownership through title and possession.
Under these circumstances, the State should bring a real action under the appropriate articles of the Code of Civil Procedure. Nothing in La.R.S. 48:347 or La.R.S. 13:5035 grants to the State the right to determine a real action in a summary proceeding.
For these reasons, the decision of the trial court in recalling, vacating and setting aside the rule is affirmed. Costs of this suit are cast against the State in the amount of One Hundred Sixty-Six and 81/100 ($166.81) Dollars.
AFFIRMED.