567 So.2d 731 (1990)
Pat HARRINGTON, Plaintiff-Appellant,
v.
SOUTHWESTERN ELECTRIC POWER COMPANY, Defendant-Appellee.
No. 21780-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1990.
Pat Harrington, Shreveport, pro se.
Wilkinson, Carmody & Gilliam by Arthur R. Carmody, Shreveport, for defendant-appellee.
Before SEXTON, NORRIS and LINDSAY, JJ.
SEXTON, Judge.
The plaintiff, Pat Harrington,[1] filed suit against the defendant, Southwestern Electric Power Company (SWEPCO), seeking alternatively the removal and relocation of a utility pole or damages for the diminution in value of his property due to the location of the utility pole. The trial court sustained defendant's peremptory exceptions of no right of action and no cause of action and dismissed plaintiff's claim. We reverse.
Plaintiff's petition alleged that he is the owner of a piece of property on which plaintiff has his business office. The petition further alleges that contiguous to this property is an alley. It is alleged that on or about the month of October 1988 the defendant, SWEPCO, erected a utility pole in this alley. Moreover, the petition alleges that the location of this utility pole restricts the flow of traffic through the alley and into the parking area on plaintiff's property. *732 Plaintiff has alleged that this restriction in traffic flow has resulted in a diminution in the market value of his property.
Defendant filed exceptions of no right of action and no cause of action. Defendant argued that, as the utility pole was not located on the plaintiff's property, the plaintiff had no standing to attempt to exercise property rights in a public alley. Nor, defendant argued, did plaintiff have any legally cognizable cause of action to challenge the location of or seek damages for the inconvenience caused by the utility pole. The trial court sustained the exceptions and dismissed plaintiff's suit.
The function of the peremptory exception of no cause of action is to test the legal sufficiency of the pleadings. For purposes of deciding an exception of no cause of action, all well-pleaded allegations of the petition must be accepted as true. Darville v. Texaco, Inc., 447 So.2d 473 (La. 1984), reconsideration denied, 448 So.2d 1302 (La.1984); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). In considering a petition against which an exception of no cause of action has been raised, every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence at trial. Hero Lands Company v. Texaco, Inc., supra; Kaufman & Enzer Joint Venture v. Bethlan Production Corporation, 459 So.2d 60 (La. App. 2d Cir.1984). Any doubt as to the sufficiency of the petition must be resolved in favor of the plaintiff. Johnston v. Cummins, 388 So.2d 432 (La.App. 2d Cir.1980).
In the instant case, plaintiff's purported cause of action stems from LSA-Const. Art. 1, § 4, which provides, in pertinent part:
Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner....
The instant petition can be reasonably interpreted as alleging that SWEPCO is a private entity authorized by law to expropriate. See LSA-R.S. 19:2(7).
Where, as here, there has been no expropriation proceedings, a property owner may nevertheless seek redress when his property has been taken or damaged for a public purpose. Such an action has been termed an inverse condemnation. Reymond v. State, Department of Highways, 255 La. 425, 231 So.2d 375 (1970); Dickie's Sportsman's Centers, Inc. v. Department of Transportation and Development, 477 So.2d 744 (La.App. 1st Cir.1985), writ denied, 478 So.2d 530 (La.1985).
The plaintiff's petition seeks to assert an inverse condemnation action based on the interference with the right of access between the parking area on his property and the public alley. This interference with ingress and egress, it is alleged, has been occasioned by the location of the utility pole erected by defendant.
The owner of land abutting a public roadway has a property right to access that roadway. A public authority's substantial interference with this right of access gives a landowner a cause of action pursuant to LSA-Const. Art. 1, § 4 for just compensation. State ex rel. Gebelin v. Department of Highways, 200 La. 409, 8 So.2d 71 (1942); Mills v. State Department of Highways, 416 So.2d 957 (La.App. 2d Cir.1982), writ denied, 420 So.2d 173 (La. 1982); Dickie's Sportsman's Centers, Inc. v. Department of Transportation and Development, supra. In addition to the requirement that the impairment of access must be substantial, a plaintiff must show that this impairment is peculiar to his property and not sustained by the public generally. Reymond v. State, Department of Highways, supra; Dickie's Sportsman's Centers, Inc. v. Department of Transportation and Development, supra.
Plaintiff's petition can be reasonably interpreted as claiming that the impairment of access is peculiar to his property. The petition alleges that the utility pole is located *733 at plaintiff's property line; it can be reasonably interpreted as alleging that the pole restricts access to the plaintiff's parking area particularly and not to all properties along the alley generally. Additionally, although the petition does not specifically allege that the impairment of access is substantial, this too can be reasonably inferred from the petition. Allegations that the impairment of access was significant enough to deleteriously affect the market value of plaintiff's property can be reasonably interpreted as allegations of substantial impairment of access. Ultimately, this will be a factual matter to be proven at trial. The plaintiff's petition states a cause of action for damages.[2]
We likewise find that the trial court erred in sustaining the exception of no right of action. The exception of no right of action raises the question of whether the plaintiff has any interest in judicially enforcing the right asserted. Lambert v. Donald G. Lambert Construction Company, 370 So.2d 1254 (La.1979). Plaintiff, as a landowner whose property right of access to the public alley was interfered with, has the requisite right and interest to seek compensation. See Mills v. State Department of Highways, supra; Dimm v. Granier, 284 So.2d 850 (La.App. 4th Cir.1973).
The judgment of the trial court sustaining the peremptory exceptions of no cause of action and no right of action is accordingly reversed, and the case is remanded to the trial court for further proceedings consistent with the views expressed herein. The defendant's request for the imposition of sanctions upon plaintiff pursuant to LSA-C.C.P. Art. 863 is denied. The costs of this appeal are assessed to the defendant-appellee.
REVERSED AND REMANDED.
NOTES
[1] The petition listed both Harrington and one Percy Alexander as plaintiffs. According to the petition, Alexander owns the property adjacent to that owned by Harrington. Alexander's claim was dismissed, apparently at his request, prior to the filing of defendant's exceptions. This opinion therefore only considers the claims of Harrington.
[2] As we find the petition states a cause of action for damages, we do not reach the issue of whether the plaintiff has a cause of action to seek the removal and relocation of the utility pole. When a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Rodriguez v. American Bankers Insurance Company of Florida, 386 So.2d 652 (La. 1980); Hero Lands Company v. Texaco, Inc., supra.