515 So.2d 1087 (1987)
Edward T. URSIN, et al.,
v.
NEW ORLEANS AVIATION BOARD and the City of New Orleans.
No. 87-CC-0907.
Supreme Court of Louisiana.
November 30, 1987.
Rehearing Denied January 7, 1988.
*1088 Donald A. Hoffman, Robert E. Siegel, Noel L. Delery, Carmouche, Gray & Hoffman, James J. Donelon, III, Partee, Leefe & Donelon, Ronald P. Nabonne, Jones, Nabonne & Wilkerson, Michael Fontham, New Orleans, for applicant.
Edmund W. Golden, Golden, Fonte & Faulkner, Metairie, Henry Klein, Samuel Schudmak, III, New Orleans, for respondent.

ON WRIT OF CERTIORARI
WATSON, Justice.
In this suit for damages and inverse condemnation of residential property allegedly impacted by noise from the New Orleans International airport, a writ was granted to review the procedure used to enroll over 3,000 additional plaintiffs.[1]
On August 29, 1980, six residents of a geographical area, described as the "Ldn 65 Noise Contour", filed this "class action" suit for damages allegedly resulting from intolerable noise levels near the airport.[2] Thirty-seven other residents joined in the suit. An exception of no cause of action was sustained, and the suit was dismissed insofar as it asserted a class action on March 20, 1981. Subsequently, the trial court declared all property owners within the area to be indispensable parties to the litigation.
Pursuant to a trial court order on November 22, 1983, the residents of the area were notified directly and through public posting and advertising to complete a postcard and return it to the clerk of court to join in the lawsuit. Alternatively, they were advised that the court could order them named as defendants or they could be precluded from later asserting their rights.[3] Over 6,000 residents responded and approximately one-half were joined in the suit by counsel for plaintiffs through a supplemental petition incorporating the prior pleadings by reference. Those answering who were made parties-plaintiff have been denominated "postcard plaintiffs".[4]
On May 22, 1986, defendants moved to vacate the order notifying the additional plaintiffs and excepted to the supplemental petition.[5] The motion and exception were denied. The court of appeal denied a writ and this court granted a writ,[6] remanding *1089 the matter for briefing, argument and an opinion.
In its subsequent opinion,[7] the court of appeal ruled that the judgment dismissing the suit as a class action is final. Because it concluded that the trial court's 1983 ruling that the other residents were indispensable parties was an interlocutory judgment causing irreparable injury under LSA-C.C. P. art. 2083,[8] the court of appeal held that defendants had acquiesced in the judgment by failing to appeal. A writ was granted to review the judgment.[9]
The fundamental error by the trial court was the holding, on motion of counsel for the original plaintiffs, that all residents within the noise contour are indispensable parties. The Code of Civil Procedure provides in Article 641:
"Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
"No adjudication of an action can be made unless all indispensable parties are joined therein."
"[P]arties should be deemed indispensable only when that result is absolutely necessary to protect substantial rights...." State, Dept. of Hwys. v. Lamar Adv. Co. of La., Inc., 279 So.2d 671 at 677 (La.1973). The "postcard plaintiffs" are not indispensable because a complete and equitable adjudication of the controversy between the original plaintiffs and the airport can be made without joining the additional plaintiffs and without affecting their rights. If there are valid claims against the airport, the parties-plaintiff have different and separable interests depending on the location of their residences, proximity of overflights, length of residence, susceptibility to damage and many other factors.
Since the "postcard plaintiffs" are not indispensable parties, the notice to them was incorrect, misleading and probably alarming.[10] It virtually compelled them to join in the suit, regardless of their wishes. They were threatened with loss of their rights and, perhaps worse in a lay-person's view, being joined involuntarily as party-defendants in a lawsuit with unknown consequences.
The entire procedure was highly irregular and improper. The trial court seriously erred in authorizing the notification and in permitting the attorneys for the original plaintiffs to include their names, addresses, and telephone numbers in the notice for the convenience of those notified. The record is not precise as to the relationship between the attorneys and the added plaintiffs. The attorneys did not specifically state in the amending petition that they represented the "postcard plaintiffs". In oral argument, they purported to represent them.
The amended petition adding these "postcard plaintiffs" must be dismissed. To preserve their rights, if any, the dismissal is without prejudice.
For the foregoing reasons, the motion to vacate the court's order allowing plaintiffs to amend their petition to include the "postcard plaintiffs" is sustained and they are dismissed without prejudice. The trial court is instructed to order the Clerk of Court to notify them of the dismissal. The matter is remanded to the trial court for further proceedings.
Costs of all proceedings and notifications concerning the "postcard plaintiffs" are charged to the original plaintiffs.
*1090 REVERSED AND REMANDED WITH INSTRUCTIONS.
LEMMON, J., concurs, noting that only a final judgment (as distinguished from an interlocutory judgment) becomes definitive (acquires the authority of the thing adjudged) by the passage of the period for appealing. La.C.C.P. art. 1842; La.C.C. art. 3556(31).
CALOGERO, J., concurs in part, dissents in part and assigns reasons.
DENNIS, J., concurs in part and dissents in part for the reasons assigned by CALOGERO, J., except that he is of the opinion that the postcard plaintiffs should be brought into court and advised of their rights to withdraw, intervene and employ independent counsel.
DIXON, C.J., dissents and assigns reasons.
*1091
 YOUR RIGHTS MAY BE AFFECTED
 NOTICE is hereby given of a pending lawsuit brought by
 certain owners of property adjacent to, or nearby, New Orleans
 International Airport, complaining that the operation of the Airport
 by the City of New Orleans, constitutes a "taking of private
 property for public use without just compensation," in violation of
 the Fifth Amendment to the United States Constitution.
 The plaintiffs allege that the airport has inadequate
 approachways and clear zones and that residential (and other)
 property owners should not be subjected to frequent, low, and
 hazardous overflights, nor to the noise and pollution problems
 inherent with such overflights.
 The Court is being asked to order the City to purchase enough
 property outside the airport to operate the airport without using
 residential neighborhoods as "approachways" and clear zones. The
 Court is also being asked to award damages for stress-related
 injuries, arising from residents being subjected to: (a) overflights,
 (b) noise levels unacceptable for residential living, (c) pollutants
 expelled from aircraft engines, and (d) increased risk of injury or
 death, in addition to the decrease in the value of real estate.
*1092
 A DECISION IN THIS CASE MAY AFFECT YOUR RIGHTS!
 If you live in the area outlined in the picture below, you have
 been declared by the Court to be an INDISPENSIBLE PARTY, which
 means that the Court has decided that your rights are so intarrelated
 with the issues being tried in this case that you should become a
 party.
 HOW TO BECOME A PARTY
 In order to become a party, you must complete the enclosed post
 card and mail (or hand deliver) it to the Clerk of Court, 24th
 Judicial District Court, Gretna Courthouse, Gretna, Louisiana 70053.
 If you do not have a post-card because you have seen this Notice in
 the paper, or for any other reason, you may write the Clerk of Court
*1093
 or contact the attorneys for the plaintiffs, whose names, addreses and
 telephone numbers are found under "Additional Information" listed
 below and give the following information:
 (a) Your name;
 (b) Your address and telephone number;
 (c) Whether you are a property owner or a resident;
 (d) The identity of any other residents of the property.
 The above information is necessary for every person who desires
 to be a party to this action. Members of your household will not be
 included unless disclosed in your response to the Clerk of Court.
 IF YOU FAIL TO JOIN OR IF YOU REFUSE TO JOIN
 If you fail to join or if you refuse to join, the Court may
 order that you be made a defendant and that you be ordered to assert
 any rights you think you have, or you may be precluded from doing so
 thereafter.
 ADDITIONAL INFORMATION
 If you desire additional information or clarification of this
 Notice, you may contact the attorneys for the plaintiffs by writing or
 telephoning them at:
 EDMUND W. GOLDEN P. O. Box 30648, New Orleans, Louisiana
 70190, (504) 581-6180;
 or
 HENRY L. KLEIN, 636 Carondelet Street, New Orleans,
 Louisiana 70130, (504) 561-1177.
*1094 CALOGERO, Justice, concurring in part and dissenting in part.
I agree with the majority opinion's conclusion that the motion to vacate the trial court's indispensable party order should have been granted. However, I write separately because I dissent from the conclusion of this Court that the "Amended and Supplemental Petition" filed on April 9, 1986 should be dismissed.
For the reasons noted in the majority opinion, the residents who were named as indispensable parties by the trial court clearly are not "indispensable" to the litigation within the meaning of La.Code Civ. Proc. art. 641. The court of appeal nonetheless ruled that the indispensable party order cannot now be overturned because, as an interlocutory judgment which caused irreparable harm, it became definitive when it was not directly appealed by the defendants.
Although the result reached by the majority opinion makes it obvious that this Court disagrees with the analysis employed by the court of appeal on that issue, I believe we should state the reasons why the court of appeal was in error when it concluded that the indispensable party order could no longer be challenged on appeal. As the appellate court conceded, the order naming the so-called "post card plaintiffs" as indispensable parties was an interlocutory decree. Ursin v. New Orleans Aviation Bd., 506 So.2d 947, 951 (La.App. 5th Cir.1987). Normally no appeal may be taken from an interlocutory judgment unless that judgment may cause irreparable injury to the appealing party. La.Code Civ. Proc. art. 2083. From these established rules of law, the court of appeal concluded that because the indispensable parties order was of the type which would cause irreparable injury, and because the defendants chose not to seek either an immediate appeal on that ground or supervisory writs, they were subsequently barred from challenging the order.
This conclusion was not correct. The mere fact that the defendants might have had the right to take an immediate appeal under the irreparable harm exception does not mean that the interlocutory judgment became definitive, and not thereafter forever protected from review by an appellate court, when no such appeal was taken. We find no authority which supports the court of appeal's determination in that regard.
However, this Court's conclusion that the indispensable party order is reviewable on appeal, and in fact must be vacated, should not automatically dispose of the question of what should be done regarding the amended and supplemental petition. The fact that the indispensable party order was wrong, and that the resulting notice procedure was inappropriate, does not automatically mean that some or all of the "postcard plaintiffs" cannot become parties to this lawsuit. Because this case is also before us on the issue of whether defendant's exception to the amended and supplemental petition should have been sustained, that petition should be scrutinized in order to determine whether it can stand on its own.
The amended and supplemental petition provides in pertinent part that:
AND NOW INTO COURT, through undersigned counsel, come Edward T. Ursin et als, and move to amend all previously filed Petitions in the following particulars:

1
By adding as individual parties-plaintiff each and every individual identified in a list of plaintiffs attached hereto as Exhibit "A", without the necessity of naming them in this pleading, but as if the names and respective addresses had been written out herein fully and in extenso.

2
By re-alleging, on behalf of every individual homeowner identified in Exhibit "A" hereof, each and every cause of action articulated in previously filed petitions and amending petitions....
In my view, this pleadingby which the existing plaintiffs purport to add as plaintiffs hundreds of individuals whose names are listed on an attached exhibitis defective *1095 on its face. Plaintiffs cannot unilaterally add new parties-plaintiff to the law suit. The so-called "postcard plaintiffs" might or might not have the right to intervene in the present proceeding. Or, alternatively, they are, of course, free to bring their own separate actions. But they cannot be drawn into this litigation by having the existing plaintiffs assert their claims for them, which is essentially the situation which is created by the amended and supplemental petition.
By utilizing existing plaintiffs as a vehicle to add new plaintiffs to the suit, the amended and supplemental petition purports to do what the Louisiana Code of Civil Procedure does not allow. La.Code Civ.Proc. art. 681 (West 1987) provides that "an action can be brought only by a person having a real or actual interest which he asserts." With the exception of persons who bring suit as legally recognized representatives of another's interest (such as a parent who sues on behalf of his minor child, or a curator who brings suit on behalf of an interdict), the plaintiff must be bringing suit to further his own interest or legal right, not the interest of some other party. If a party other than the named plaintiff desires to assert a similar claim against the same defendant, he may attempt to intervene by "[j]oining with plaintiff in demanding the same or similar relief against the defendant." La.Code Civ.Proc. art. 1091(1).
The amended and supplemental petition does not constitute an intervention by the "postcard plaintiffs," either in name or in substance. To be considered a petition for intervention, the claims contained therein would have to be brought by the persons listed on Exhibit "A," instead of for them by the existing plaintiffs.
On the other hand, pleadings are vehicles designed to secure justice, and we have traditionally recognized that, where possible, parties should be allowed an opportunity to cure defects of pleading form in the interest of achieving a fair result. I would not dismiss outright the claims of the postcard plaintiffs before at least allowing plaintiffs' attorneys, who may in fact represent some or all of the postcard plaintiffs, an opportunity to cure the defects in the Amended and Supplemental Petition.
Instead of dismissing that pleading, I would remand the case to the district court with instructions that the counsel who filed the supplemental and amending petition be allowed a reasonable period of time in which to amend that pleading to affirmatively state a claim on behalf of any individual whom they represent and who may wish to intervene in the suit as a plaintiff. Should no such amended pleading be filed within the time allotted, then the "Amended and Supplemental Petition" should be dismissed.
For the reasons stated, I concur with the portion of this Court's judgment which vacates the indispensable party order, and I respectfully dissent from that portion of the majority opinion which holds that the amended and supplemental petition should be dismissed.
DIXON, Chief Justice (dissenting).
I respectfully dissent. The court of appeal stated that because the plaintiffs did not appeal the 1981 dismissal of the class action, that judgment became final, barring further consideration of the class action aspect.
The trial court's order in March, 1981 related to the plaintiffs' original petition. The actions of the trial court subsequent to that order indicate that it was not a final ruling on whether a class action is the appropriate procedural device in this suit. On five occasions, the trial court permitted the plaintiffs to amend and supplement their petition. Plaintiffs allege in four of these petitions that they were amending and supplementing the original class action suit. The minute entries of the trial court in January, February and April, 1983 state that the motion to certify the class was continued; entries for the latter two dates note that the motion was to be continued without date.
As late as October, 1983 defendants opposed plaintiffs' motion to certify the class. In November, 1983 the trial court granted plaintiffs' motion to join indispensable parties *1096 without ever having ruled on the motion to certify the class.
Because there was no final ruling on whether a class action is the appropriate procedural device in this suit, I would remand to the trial court to make that determination.
NOTES
[1] "Granted to consider issue relative to procedure used to enroll additional plaintiffs." September 4, 1987, writ grant.
[2] See, Fadem and Berger, "A Noisy Airport is a Damned Nuisance!" 3 SWU L.Rev. 39 (1971).
[3] See Appendix A, Notice sent to parties.
[4] A few plaintiffs employed their own counsel.
[5] Although there was interim litigation in federal court, the petition for removal was not filed until June 22, 1984.
[6] 499 So.2d 79 (La.1987).
[7] 506 So.2d 947 (La.App. 5 Cir.1987).
[8] LSA-C.C.P. art. 2083 provides:

"An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814."
[9] 511 So.2d 1142 (La.1987).
[10] Compare Zauderer v. Office of Disciplinary Counsel, 471 U.S. 626, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985), and see Note, 46 La.L.Rev. 923 (1986).