594 So.2d 525 (1992)
PARISH OF JEFFERSON
v.
Joan Stephens, Wife of/and Henry G. TASSIN, et al.
No. 91-CA-145.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 1992.
Rehearing Denied March 17, 1992.
*526 Anthony R. Messina, Parish Atty., Larry J. Radosta, Ferdinard M. Lob, Dominick M. Saia, Asst. Parish Attys., Gretna, for plaintiff-appellee.
Richard T. Regan, Regan, St. Pé & Milazzo, Metairie, for intervenor-appellant.
Before BOWES and DUFRESNE, JJ., and ELORA C. FINK, J., Pro Tem.
*527 ELORA C. FINK, Judge Pro Tem.
This is an expropriation action in which the intervenor, Leona T. Roy, appeals a judgment dismissing her claim for damages for inverse condemnation. Finding her claim has merit, we reverse and render judgment in her favor.

FACTS
On April 5, 1990, the Parish of Jefferson filed suit against Joan Stephens, wife of/and Henry G. Tassin[1] to expropriate a parcel of land at the intersection of West Esplanade Avenue and North Causeway Boulevard in Metairie, Louisiana. The Parish expropriated the land in order to construct a left-turn lane from the eastbound lanes of West Esplanade onto North Causeway as part of planned roadway improvements along the Causeway Boulevard traffic corridor. The tract, which is 22.99 feet wide on its North Causeway boundary, lies adjacent and parallel to another strip, 33 feet wide and fronting on North Causeway, owned by Leona Roy. Both parcels had been jointly leased by the Tassins and Roy to a single lessee from approximately 1979 until road construction on North Causeway obstructed access from that roadway in 1989.
The Parish did not include the Roy property in the expropriation, however. As a result Roy filed an intervention in the Tassin proceeding, alleging the expropriation had diminished the market value of her parcel as a result of loss of the use of the expropriated Tassin parcel. She asserted that joint use of the properties was the historical highest and best use of both parcels, considering their narrow configuration.
Following a bench trial in July 1990, the district court rendered judgment awarding the Tassins $120,000 for their expropriated parcel, but dismissing Roy's intervention. Roy has appealed.
On appeal, the issues are whether Roy is entitled to damages for a taking and, if so, what amount will justly compensate her.

LAW
The Louisiana Constitution of 1974, Article 1, § 4, states,
Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner[,] * * * [who] shall be compensated to the full extent of his loss.
The authority to expropriate is extended to parishes and municipalities by LSA-R.S. 33:4621.
A taking or damaging of property can occur from the official act of expropriating a whole or partial tract of land or from inverse condemnation, which is when property is taken or damaged without the proper exercise of eminent domain. Reymond v. State, Department of Highways, 231 So.2d 375 (La.1970).
In inverse condemnation, the damage may occur not only to property which is physically invaded, but also to a separate and independent tract of land. Gulf States Utilities Company v. Comeaux, 182 So.2d 187 (La.App. 3 Cir.1966), quoted with approval in State, Department of Highways v. Garrick, 256 So.2d 111 (La.1971). However, when the damage is claimed to a parcel separate from that which is actually taken, the public body's liability is limited to special damages which peculiarly affect that property and which are not sustained by the neighborhood generally. Garrick, supra; Comeaux, supra; see also, Ursin v. New Orleans Aviation Board, 506 So.2d 947 (La.App. 5 Cir.1987) rev'd on other grds., 515 So.2d 1087; Bowden v. State, Dept. of Transp. & Dev., 556 So.2d 1343 (La.App. 3 Cir.1990) writ denied, 563 So.2d 879; Harrington v. Southwestern Electric Power, 567 So.2d 731 (La. App. 2 Cir.1990).
The measure of damages in expropriation cases is the market value of the land taken plus severance damages to the remainder, if any. State, DOTD v. Crawford Business Trusts, 538 So.2d 1078 (La. *528 App. 3 Cir.1989), writ denied, 542 So.2d 1381 (La.1989). In calculating severance damages, the court must analyze the diminution in the market and rental value of the property immediately before and immediately after the taking. The same analysis is used to determine the damages in an inverse condemnation case. See Reymond, supra; Bowden, supra.
In this instance, the property was not the subject of an actual taking. Thus, the first question is whether the claimed damages are peculiar to this parcel and not to the neighborhood generally, so as to invoke the doctrine of inverse condemnation as it applies to separate and independent tracts of land.
The evidence herein shows that the Tassins and Roy used the two parcels conjointly for many years by a joint lease. That lease agreement was terminated in 1989, as mentioned before, when roadway construction blocked access to the properties. Due to the narrow width of each parcel, the expert appraiser who testified for the Tassins and for Roy asserted that the highest and best use of the two pieces of land was to use them jointly; the loss of one parcel through the taking significantly reduced the value of the other. Thus, the damage claimed herein would be peculiar to the particular parcel involved and not to the neighborhood generally, making that damage compensable as inverse condemnation.
In order to determine the damages due her, Roy has suggested that the doctrine of "unity of use" be applied. Under that doctrine, she claims, the value of her loss should be based on the value of the conjoint use of both tracts and not just on an appraisal of her property's value standing alone.
The doctrine of unity of use in Louisiana was discussed, and the requirements for its application set forth, in State, Department of Highways v. Cefalu, 288 So.2d 332 (La. 1974). Cefalu involved two tracts belonging to a single owner that were separated by a tract owned by another. Cefalu's tract and the tract between them had been used together as a parking lot until the State expropriated one of Cefalu's tracts. Cefalu claimed additional damages because the expropriation of one tract prevented use of all the property as one parcel. The issue was whether the taking was a whole or a partial taking, because a partial taking would entitle the individual owner to severance damages. The Cefalu court held that, to reap the benefit of the unity of use doctrine, a landowner of expropriated property must prove "a unified use in fact, coupled with a legal right, as relates to access across intervening land, to effect that unified use." Id. at 337.

ANALYSIS
In the case before us, however, the claimant owns a tract separate from that expropriated; no severance damages are at issue. The unity-of-use doctrine and cases thereon are distinguishable; this is a straightforward case of inverse condemnationthat is, the taking of the adjacent property caused damage to the value of the intervenor's property that was peculiar to that tract. The fact that the value claimed by the intervenor turns on the property's conjoint use with another tract merely coincides with unity-of-use terminology. It is unnecessary for us to apply that doctrine, however, to find the appellant entitled to damages.
Roy's right here is based on the general rule that severance damages are measured by calculating the difference in the market value of the property before and after the taking; if that value can be shown to have significant particular dependence on the expropriated tract, then damages are warranted, using the joint dependency to value the properties. Nothing in the law prevents a recovery of damages under these facts if an actual loss peculiar to the intervenor can be proven.
The copy of the survey introduced at trial shows the two tracts at issue. (See Appendix.) In the resolution of the parish council authorizing the expropriation, the description of the area to be taken for the turn lane listed portions of Lots 9 and 11 through 20, together with all of Lot 10. Roy's property measures 39.01 feet along *529 North Causeway, its width on its Severn Avenue side is 41.01 feet, and its length along West Esplanade is approximately 390.19 feet. (As shown on the plat, the north side of Roy's tract is bounded by Canal No. 2). Although the North Causeway access is blocked by a concrete and steel post railing that prevents access from the roadway, construction of the turning lane will give the intervenor access to West Esplanade Avenue that was not available prior to the construction.[2]
Like the Tassin plot, Roy's parcel is extremely narrow. It is bounded on the north side by an open drainage canal and on the south by the Tassin property. The turn lane will consume the entire Tassin piece after construction is complete.
Although we do not apply the unity-of-use doctrine to establish the appellant's right to damages, the manner in which the property has been used historically is pertinent to its value before and after the taking. In this case, the tract had been leased jointly with the Tassins, but that joint use ended when the parish commenced construction on North Causeway which resulted in the blocked access to the two tracts of land. The expropriation of the Tassin tract for use as a turn lane will, obviously, prevent future joint use of the properties.
The trial judge found the Tassins' expropriated property was worth $120,000, relying on the expert opinion of appraiser Louis Derbes, who testified on behalf of the Tassins and Roy. The judge stated he felt the experts who testified for the Parish either misanalyzed their data or used questionable comparables.[3] The figure he selected was based on direct sales comparables without considering the joint use of the property with the Roy parcel. We find no manifest error in the trial court's assessment of the experts' credibility.
Louis Derbes, the expert appraiser for the landowners, discussed the uses and values of both tracts individually and in combination. He stated that prior to the expropriation the Tassin property, standing alone, had limited value because there are other buildings already on it at the Severn end, the current zoning limits its use, and it lacks the depth for the building set-back required under the Parish building restrictions. He asserted its best use by itself would have been for open-air storage or erection of commercial signs. Assuming no joint use with the Roy piece, he gave it a before-taking value of $120,000 to $125,000 because the Tassin parcel had access to West Esplanade Avenue. Allowing for use of the property in conjunction with the Roy property, as had been done historically, Derbes estimated the value would increase to $178,000.
Next Derbes analyzed the value of the Roy property. If it was valued standing alone, he stated, its lack of access to any roadway severely limited the use of the property. He estimated its value by itself at $25,000, which he felt could be increased to $125,000 if a small building were added to the property. Otherwise, he stated, used as a single tract the Roy property would be limited to open air storage, etc., like the Tassin plot. Viewing the tract's potential via combined use with the Tassin parcel, he calculated the value would increase to $135,000 to $140,000. He opined that if the property actually had been used historically in combination with the Tassins', then its value increased to $202,000. He stated the Roy piece used jointly had a greater value than the Tassin tract due to its larger square footage.
Derbes testified the addition of a turning lane on the boundary of the Roy tract would provide a benefit and would raise the value of the Roy property to $125,000 if there were no potential for conjoint use. However, he explained, this addition could not compensate for the lost value arising from its historical use with the Tassin parcel. He pointed out that where two plots *530 individually too small for development can be combined so that an incremental value is created in developing the land and that value should be attributed to each site for appraisal purposes. In his opinion a joint or combined use of property was common and was in fact the best and highest use of these two parcels.
Joan Tassin and J. Folse Roy (who, respectively, manage the Tassin and Roy properties) testified the two parcels had been leased jointly to a tenant from 1978 to 1989. They both indicated that until the expropriation of the Tassin plot they intended to continue their joint use of the properties because of the economic advantage gained thereby. Both witnesses testified they intended, when and if a sale prospect arose, to sell the properties as one.
The evidence established that the properties had been, and more likely than not would continue to be, used jointly as an economic advantage to Tassin and Roy. Accordingly, we find the intervenor, Leona Roy, is entitled to damages. The evidence also shows that the market value of the Roy plot, based on this use, was $202,000 before the taking and is $125,000 now, a difference of $77,000. Because the combined use created a special economic advantage peculiar to this tract due to the handicap of its narrow configuration, we conclude the appropriate award is $77,000.

JUDICIAL NOTICE/REMAND
Prior to argument in this court the appellant filed a Motion to Take Judicial Notice or, Alternatively, for Remand, claiming that actions taken by the Parish post-trial have severely limited her access to her property from West Esplanade Avenue. Specifically, she alleges the Parish has constructed a six-inch vertical curb along 357 feet of the property's frontage on that street, leaving Roy a 33-foot driveway. She contends the reduction of her access to the roadway significantly increases the amount of her damages. The Parish has opposed either the taking of judicial notice or a remand for additional evidence, on the ground these are unnecessary because the unity of use doctrine is inapplicable.
The facts sought to be introduced here, however, are not a proper subject for judicial notice. State Block, Inc. v. Poche, 444 So.2d 680 (La.App. 5 Cir.1984). Further, we find no compelling need to remand the matter to allow introduction of the additional evidence. Accordingly, the motion is denied.

PREDIAL SERVITUDE
At oral argument of this matter, counsel for Roy requested permission to file a supplemental brief on an issue that was raised for the first time in this court: whether Roy had the legal right to use the expropriated Tassin property by means of a predial servitude that existed on the property specifically, a predial servitude allegedly arising by acquisitive prescription through the presence of a building on the property line between the Tassin and Roy parcels. (That building was used as a place of business by the joint lessor of the two properties.) The appellant asserts the presence of a servitude entitles her to the benefit of the unity-of-use doctrine.
We conclude, however, it is unnecessary to address the servitude issue, because the conclusion we reach on the issue of inverse condemnation results in the same outcome that would be reached were we to accept the servitude argument.

DECREE
For the foregoing reasons, that portion of the judgment that dismissed the intervention of Leona T. Roy is reversed. Judgment is hereby rendered in favor of Leona T. Roy and against the Parish of Jefferson in the amount of $77,000, plus interest. In all other respects the judgment is affirmed. Costs of this appeal are assessed against the Parish of Jefferson.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
*531 
NOTES
[1] Henry Tassin, although named a defendant in the expropriation proceeding, was deceased when the suit was filed. Joan Tassin, his widow, appeared as his succession representative.
[2] There is a separate suit pending against the Parish for damages resulting from the loss of access to Causeway Boulevard. Therefore, we do not consider those as an item of damages here.
[3] The Parish makes no argument on appeal regarding the appropriate amount of damages to be awarded in the event we reverse the judgment.