624 So.2d 975 (1993)
HAY'S WESTERN WEAR, INC., Plaintiff-Appellee,
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Defendant-Appellant.
No. 92-1375.
Court of Appeal of Louisiana, Third Circuit.
October 6, 1993.
*976 Ernest C. Hunt, Jr., Steven Curtis McGinity, for Hay's Western Wear, Inc.
Ronald Joseph Bertrand, for State of Louisiana, DOTD.
Before DOUCET, KNOLL and DECUIR, JJ.
DECUIR, Judge.
Plaintiff seeks damages caused by the widening of the highway in front of its retail establishment. The district court awarded $67,849.00 for loss of business during the construction period plus expert witness and attorney fees.
Essentially, The Department of Transportation and Development contends that its actions did not amount to a substantial interference with plaintiff's access to its property compensable under the law. Plaintiff contends that its property rights were subjected to an inverse condemnation by the diversion of traffic, circuity of travel, and inconvenience associated with DOTD's construction project.
The evidence reveals that plaintiff, Hay's Western Wear, Inc., operates a retail establishment in a leased facility located on La. Highway 397 in Calcasieu Parish. From April of 1981 through April of 1983, construction work was done along a 5.111 mile stretch of Highway 397 on which plaintiff's establishment was situated.
During the period of construction access to Hay's was blocked either from the north or south, and for a period in both directions along Highway 397. However, at all times alternate access was available to Hay's, via gravel farm roads in the area. The official state detour bypassed the area by access to other state roads, while actual access to Hay's at times required utilization of local roadways. Plaintiff did not allege that it was the only business in the area affected. In fact, the record reveals that at least two other businesses operated on the same stretch of Highway 397. In addition, a trailer park and other residential areas were in the area and subjected to similar inconvenience. Aside from occasional instances, the plaintiff experienced no problem with maintenance of its driveways during the period. The driveways were gravel before construction and were maintained in that condition by DOTD during construction. Thus, plaintiff's only complaint is that its business suffered due to the inconvenience created by the construction project and, therefore, the DOTD deprived it of a constitutionally protected property right.
If a public authority substantially interferes with an owner's right of access, the owner has a cause of action under the constitution for just compensation. Dickie's Sportman's Centers v. Department of Transportation, 477 So.2d 744 (La.App. 1st Cir.1985) writ denied 478 So.2d 530 (La.1985). To sustain this inverse condemnation action a party must satisfy the following three prong test: 1) Has a recognized species of private property right been affected; 2) Has the affected property right been taken in a constitutional sense; and 3) Was the taking for a public purpose. State Through DOTD v. Chambers Inv. Co., 595 So.2d 598 (La.1992). *977 Assuming that a recognized property right is affected for a public purpose, the complaining party must prove the presence of some type of excessive or abusive conduct in order to hold the State responsible. Chambers, supra.
Our jurisprudence is firmly established that damages caused by rerouting or diversion of traffic from one roadway to another are not compensable where the means of access to the premises are not substantially impaired or access is impaired on a temporary basis and/or the inconvenience to the owner is not peculiar to him but to the general public at large. Dickie's Sportsman's Centers, supra. Furthermore, points of entry and departure may be restricted for legitimate traffic safety reasons. Skye Realty Co. v. State Department of Highways, 345 So.2d 249 (La.App. 3rd Cir.1977).
In the present case the conduct in question was clearly for a public purpose. Therefore, the issue before us is whether DOTD's conduct in carrying out the construction project on Highway 397, was so excessive or abusive as to substantially interfere with a recognized property right of Hay's Western Wear, Inc.
The trial judge found that Hay's suffered a loss of business profits as a result of the construction on Highway 397 and that, under LSA-Const. Art. I, § 4, DOTD is liable to Hay's. We disagree.
Extensive testimony at trial revealed that at no time was access to Hay's completely blocked. In fact, in most instances access was available from either the north or south on Highway 397 itself. At other times access was available, though inconvenient, by means of various local roadways. Several witnesses testified that the alternate access was hazardous, inconvenient, and unknown to many of Hay's customers. However, the evidence revealed that there were other businesses on the same stretch of Highway 397 who were forced to endure the same inconvenience. No evidence was introduced to suggest that Hay's was somehow singled out by DOTD for inconvenient access. In fact, the record indicates that for the most part Hay's driveways were maintained in their pre-construction condition. Finally, Hay's produced no expert testimony to suggest that DOTD inappropriately conducted the construction project on Highway 397.
We are mindful that the factual determinations of the trial court are not to be disturbed on appeal unless clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
However, the record is devoid of evidence to suggest that the conduct of DOTD was excessive or abusive. Furthermore, it is clear that the inconvenience experienced by Hay's was not unique to it, but was experienced by the public at large in the area. Finally, Hay's access to its business was never completely blocked. As such, Hay's experienced no substantial interference with its access to its premises which is compensable under our law. The trial court's factual findings to the contrary are clearly wrong.
We need not address DOTD's argument that economic damages are not recoverable as a property right, as we have found that Hay's suffered no compensable injury. For the same reason, DOTD's contention that expert witness and attorney fees were erroneously awarded has merit.
For the foregoing reasons, the judgment of the trial court is reversed, and Hay's Western Wear, Inc.'s petition is dismissed with prejudice. Hay's Western Wear, Inc. is taxed with all costs.
REVERSED.