683 So.2d 839 (1996)
John T. LAMBERT, Jr., et al.
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION & DEVELOPMENT.
No. 96-CA-160.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 1996.
*841 Thomas R. Blum, Charles C. Coffee, New Orleans, for Plaintiffs/Appellants.
Charles E. Soileau, Rayne, for Defendant/Appellee.
Before GOTHARD, CANNELLA and DALEY, JJ.
DALEY, Judge.
This appeal concerns an appropriation (inverse condemnation) suit filed by John Lambert, Jr. and Clint Melancon, plaintiffs, against The Louisiana Department of Transportation and Development (DOTD), alleging the DOTD denied them access to and, therefore, damaged a piece of immovable property owned by plaintiffs in St. Charles Parish. The property in question is a strip of land situated between La. 50 (Almedia Road) and La. 626, extending from U.S. 61 (Airline Highway) to roughly 935 feet short of La. 48, River Road. The property fronts Airline Highway in the immediate vicinity of the I-310 downramp connecting I-310 to Airline Highway south (toward New Orleans). The plaintiffs alleged that a taking occurred and the damages were caused when the DOTD issued a letter on February 3, 1984 to the U.S. Army Corps of Engineers stating that no access would be allowed to Airline Highway between La. 626 and Almedia Road.
This suit was filed on June 28, 1988. On April 19, 1989, the DOTD filed a separate expropriation suit against Lambert and Melancon, to acquire that portion of their property that fronts on Airline Highway. Apparently the two suits were consolidated at some time; an order to consolidate does not appear in this record, but the record shows the grant of a Motion to Sever the Consolidation on October 4, 1994. This appeal does not concern the expropriation suit, which is pending in the trial court.
The inverse condemnation suit proceeded to trial with a six person jury on August 28-31, 1995. The jury rendered a verdict in favor of DOTD. Plaintiff, Lambert, and his former attorney each filed a Motion for New Trial and/or Judgment Notwithstanding the Verdict.[1] These Motions came for hearing on September 29, 1995. Trial court denied the post trial motions. Thereafter, plaintiff, Lambert, perfected this devolutive appeal[2].
On appeal, the appellant argues three assignments of error. First, Lambert contends *842 that the jury erred when it found that the DOTD's letter of February 3, 1984 did not deny access to the property. Second, the district court erred in not granting the Motions for JNOV. Third, the district court erred when it did not grant, as an alternative, the Motion for New Trial. Lambert asserts that this court should reverse the jury verdict and award monetary damages.

ANALYSIS

TAKING OF THE PROPERTY
As this court stated in Rivet v. State Dept. Of Transp. and Development, 93-369 (La.App. 5 Cir. 3/16/94), 635 So.2d 295, 297-298, writ denied 94-1606 (La.11/29/94), 646 So.2d 397:
The Louisiana Constitution of 1974, Article 1 Section 4 states:
Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner[,] * * * [who] shall be compensated to the full extent of his loss.
In Parish of Jefferson v. Tassin, 594 So.2d 525 (La.App. 5 Cir.1992) we observed:
A taking or damaging of property can occur from the official act of expropriating a whole or partial tract of land or from inverse condemnation, which is when property is taken or damaged without the proper exercise of eminent domain. Reymond v. State, Department of Highways [255 La. 425] 231 So.2d 375 (La.1970).
In inverse condemnation, the damage may occur not only to property which is physically invaded, but also to a separate and independent tract of land. Gulf States Utilities Company v. Comeaux, 182 So.2d 187 (La.App. 3 Cir.1966), quoted with approval in State, Department of Highways v. Garrick [260 La. 340] 256 So.2d 111 (La.1971). However, when the damage is claimed to a parcel separate from that which is actually taken, the public body's liability is limited to special damages which peculiarly affect that property and which are not sustained by the neighborhood generally. Garrick, supra; Comeaux, supra; see also, Ursin v. New Orleans Aviation Board, 506 So.2d 947 (La.App. 5 Cir. 1987) rev'd. on other grds., 515 So.2d 1087 [(La.1987)]; Bowden v. State, Dept. of Transp. & Dev., 556 So.2d 1343 (La.App. 3 Cir.1990) writ denied, 563 So.2d 879 [(La.1990)]; Harrington v. Southwestern Electric Power, 567 So.2d 731 (La.App. 2 Cir.1990).
In addition, when state activity causes a landowner "to sacrifice all economically beneficial uses in the name of common good, that is, to leave his property economically idle, he has suffered a taking." Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992).
In State, DOTD v. Pace, 588 So.2d 145 (La.App. 4 Cir.1991), the court said:
In an expropriation case the defendant has the burden of proving his claim to a legal certainty and by a reasonable preponderance of the evidence; speculation, conjecture, mere possibility and even unsupported probability are not sufficient to support a judgment. R.S. 48:453; State Dept. of Trans. & Dev. v. Estate of Clark, 432 So.2d 405, 408 (La. App. 1st Cir.1983) citing State v. Levy, 242 La. 259, 136 So.2d 35, 43 (1961). If a public authority substantially interferes with the owner's right of access, he has a constitutional right to just compensation for his loss; but where access is not substantially impaired or is impaired only on a temporary basis and/or the inconvenience to the owner is not peculiar to him, but general to the public at large, no recovery is allowed. Dept. of Trans. & Dev. v. Traina, 537 So.2d 792, 795 (La.App. 2nd Cir.1989), writ denied, 540 So.2d 332 (La.1989).

Department of Highways v. Capone, 298 So.2d 94, 96 (La.App. 1 Cir.1974) set forth the law pertinent to damages resulting to property absent an actual taking. There the court said:
Our jurisprudence is settled to the effect that, even absent an actual taking, damages resulting to property from the *843 construction of public improvements are compensable when such damages are special or peculiar to one's property in particular, and are not general damages sustained by other properties similarly situated. Reymond v. State, Through the Department of Highways, 255 La. 425, 231 So.2d 375 [La.1970], and authorities therein cited.
When there is no taking, damages which merely cause disturbance, inconvenience or discomfort, and which are an ordinary and general result of a public improvement, are not compensable, but are held to be damnum absque injuria. Reymond, above.
In the absence of taking, substantial impairment of ingress, when special and peculiar to claimant's property, entitles an owner to compensation. Efurd v. City of Shreveport, 235 La. 555, 105 So.2d 219 [La.1958]; Patin, et al. v. City of New Orleans, et al., 223 La. 703, 66 So.2d 616 [La.1953]; Harrison v. Louisiana Highway Commission, 202 La. 345, 11 So.2d 612 [1942].
[Emphasis supplied].
And in Hebert v. State, Department of Highways, 238 So.2d 372, 373-4 (La.App. 3 Cir.1970), writ denied 256 La. 911, 240 So.2d 373 (1970), the court said that:
Even though no portion of an owner's property is actually taken, he may recover damages if his ingress and egress are substantially impaired. Harrison v. Louisiana Highway Commission, 202 La. 345, 11 So.2d 612; Patin, et al v. City of New Orleans, 223 La. 703, 66 So.2d 616; Efurd v. City of Shreveport, 235 La. 555, 105 So.2d 219.
[Emphasis supplied].
The sole factual issue on appeal is whether the jury erred in the finding that the DOTD's letter to the U.S. Army Corps of Engineers (Corps) did not deny plaintiffs access to the subject property, and, therefore, no taking occurred.
As an appellate court, we can modify this factual finding only if we determine that the trial court committed manifest error. West Jefferson Levee Dist. v. Mayronne, 595 So.2d 672 (La.App. 5 Cir.1992); citing Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The record shows that the letter was sent to the Operation Division of the Corps from Mr. Blackwood of DOTD, whose title was Consultant Supervisor. The letter was in response to a phone conversation between Mr. Blackwood and Dr. Mary L. Plumb-Mentjes. The letter was not sent to the general public, and remained in DOTD's files. Mr. Bradley Oubre, one of plaintiffs' expert appraisers, testified that he discovered the letter sometime around 1985-87[3] when he was researching the DOTD files for Mr. Huey Rivet, whose property was the subject of the inverse condemnation suit Rivet v. State Dept. Of Transp. and Development[4], supra.
The body of the letter is reprinted in whole below. Lambert argues that the emphasized language in the letter effected the inverse condemnation of his property:
Dr. Mary L. Plumb-Mentjes
Operations Division
Regulatory Assessment Section
Department of the Army
New Orleans District, Corps of Engineers
P.O. Box 60267
New Orleans, LA 70160
Gentlemen:
"The following supplemental information is offered in response to our telephone conversation of February 2, 1984.
No access to I-310 will be permitted other than the interchanges at the River Road (La 48) and Airline Highway (U.S. 61). No access to Airline Highway will be permitted between La 626 and Almedia Road.
Soil conditions in the area are so bad that it is more economical to construct I-310 on *844 elevated structure than it is to construct it on the ground. Our studies show that, at the worst point, a roadway constructed by replacing the top 15 feet of ground with suitable material will continue to settle for the next 150 years with a predicted settlement of 5¼ feet. Levying and pumping in this type of soil will cause substantial subsidence.
As a protective measure the DOTD is now accelerating the acquisition of the land and access rights required for the captioned project that belong to Bar None Ranch Estates Section B. Attached is a map showing our requirements. (emphasis added)
 EARL T. GEORGE, JR., P.E.
 TRAFFIC & CONSULTANT DESIGN
 ENGINEER
 /s
 ALAN T. BLACKWOOD, P.E.
 CONSULTANT SUPERVISOR
In Rivet, supra, this court addressed the issue of whether the same DOTD letter effected a taking of Mr. Rivet's property. This court said no; we held that it was the denial of Mr. Rivet's driveway permit, and not the letter, which caused the damage to the Rivet property. In the instant case, the parties stipulated that plaintiffs had not applied for a driveway permit, nor a § 404 permit.[5]
The record also reveals that actual access to Airline Highway was not denied until construction began on I-310 and that a service road parallel to Airline Highway would provide access to Lambert's property after construction.
We find that Rivet controls the outcome of this case. Rivet involved the same DOTD letter, and property involved in the same DOTD project. This court specifically held that the letter did not cause a taking of Rivet's land. The taking was caused when the DOTD denied Rivet's driveway permit application (Rivet had already been granted a § 404 permit). Plaintiffs never applied for a driveway permit, and the record does not indicate that they attempted some other exercise of their rights as landowners and were denied that right by DOTD. Thus, absent some affirmative denial of rights by the DOTD, the letter by itself did not cause an inverse condemnation of the plaintiffs' property.
Appellant argues in brief that DOTD failed to produce any witness to testify as to the exact meaning of the letter. However, as in any civil case, the burden of proof is on the plaintiff/appellant to prove damages. Plaintiffs produced no testimony or witness from DOTD as to the exact meaning of the letter.
We note that plaintiffs' expropriation suit is pending in the trial court. In that suit, plaintiffs "shall be compensated to the full extent of their loss."[6] This section of the La. Constitution requires not only that the owner of the property be compensated with the market value of the property taken and severance damages to his remainder, but that he be placed in as good a position pecuniarily as he enjoyed prior to the taking. State Through Dept. Of Highways v. Bitterwolf, 415 So.2d 196 (La.1982). Other damages available to a landowner in an expropriation suit may include, but are not limited to, delay damages[7], impaired access[8], and economic loss[9]. This opinion expressly decides only that the February 3, 1984 letter did not constitute a taking of plaintiffs' property: we expressly find that no other issues are before us, including, but not limited to, whether plaintiffs have asserted any of the above causes of action or have sustained any of the above categories of damage in connection *845 with the pending expropriation suit. At oral argument before this Court, counsel for DOTD agreed that this suit in no way precludes plaintiffs from asserting (or recovering if proven) any or all of the above categories of damages in the pending expropriation suit.
Accordingly, we affirm the jury's verdict.

MOTION FOR JNOV AND ALTERNATIVELY NEW TRIAL
Following the jury's verdict, appellant filed a Motion for New Trial and/or Judgment Notwithstanding the Verdict. These motions were heard and denied on September 29, 1995.
In this Court's opinions in State through DOTD v. Scramuzza, 608 So.2d 1069 (La. App. 5th Cir.1992), rev. 610 So.2d 809 (La. 1993), and State through DOTD v. Scramuzza, 95-786 (La.App. 5 Cir. 4/30/96), 673 So.2d 1249, we discussed the law relating to Motions for Judgments Notwithstanding the Verdict:
A JNOV is properly granted "only when the facts and inferences are so strongly and overwhelmingly in favor of one party that the trial judge believes reasonable men could not have arrived at a contrary verdict." Adams v. Security Ins. Co. of Hartford, 543 So.2d 480, 486 (La.1989). Anderson v. New Orleans Public Service, 583 So.2d 829 (La.1991).
* * *
In considering a motion for JNOV, the trial court may not weigh the evidence, substitute its judgment of facts for that of the jury, or pass on the credibility of witnesses. (Cites omitted.) Furthermore, the court should consider all of the evidence, not just the evidence that supports the non-mover's case, and should give the non-mover the benefit of every legitimate and reasonable inference that can be drawn from the evidence by the jury. Department of Transp. and Dev. v. Wahlder, 554 So.2d 233 (La.App. 3rd Cir.1989); McClain v. Holmes, 460 So.2d 681 (La. App. 1st Cir.1984).
This court, in reviewing a JNOV, must use the aforementioned criteria in deciding whether or not the motion was properly granted. Anderson v. New Orleans Public Service, supra. If the reviewing court determines that the trial court erred in granting the motion, because reasonable men in the exercise of impartial judgment might reach a different conclusion than he one proposed by the moving party, then the JNOV must be reversed and the jury verdict should be reinstated. Anderson v. New Orleans Public Service, supra.

State through DOTD v. Scramuzza, supra, 608 So.2d 1069, 1075-1076 and 673 So.2d 1249, 1254-1255.
LSA-C.C.P. arts.1972 and 1973 govern when the court may grant the Motion for New Trial. Granting or denying a motion for new trial rests within the wide discretion of the trial court and its determination shall not be disturbed absent an abuse of that discretion. Engolia v. Allain, 625 So.2d 723 (La.App. 1 Cir.1993). A motion for new trial solely on the basis of being contrary to the evidence is directed squarely at the accuracy of the jury's factual determinations and must be viewed in that light. Thus, the jury's verdict should not be set aside if it is supportable by any fair interpretation of the evidence. Engolia v. Allain, supra, at 729.
The Motion for New Trial requires a less stringent test than for a JNOV in that such determinations involve only a new trial and do not deprive the parties of their right to have all disputed issues resolved by a jury. Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544 (La.App. 1 Cir. 3/11/94), 634 So.2d 466, writ denied 94-0906 (La.6/17/94), 638 So.2d 1094. On a motion for new trial, the trial judge is free to evaluate evidence without favoring either party; he may draw his own inferences and conclusions and may evaluate the credibility of witnesses. Smith v. American Indem. Ins. Co., 598 So.2d 486 (La.App. 2 Cir.1992), writ denied 600 So.2d 685 (La.1992).
At the hearing, the judge stated that he strongly disagreed with the jury's finding that the letter did not create a taking, but that he would deny the motions because he felt that the plaintiffs did not prove any *846 damages, and thus the result would be the same. Appellant argues that the trial court, therefore, erred in failing to sign a judgment granting their Motion for JNOV.
After considering the very strict standards under which the trial court may consider the motion for JNOV, we find that the trial court did not err in failing to grant the JNOV. The facts and inferences were not so strongly and overwhelmingly in favor of plaintiffs that reasonable men could not have arrived at a contrary verdict. Furthermore, the judge's remarks expressed his personal opinion regarding the evidence. At no time did the judge state that he believed his opinion was the only reasonable conclusion. Therefore, we affirm the ruling denying the Motion for JNOV.
The motion for new trial should not be granted if the jury's verdict is supported by any fair interpretation of the evidence. Engolia v. Allain, supra. Even under the less stringent standard, we find that the trial court did not abuse its discretion in denying this motion. Although the trial court specifically disagreed with the jury's factual finding that a denial of access had occurred, his disagreement did not rise to the level of dissent under Engolia, supra. The trial court further noted that plaintiffs failed to show that they made any attempt to seek the access. Furthermore, the court recognized that the failure of plaintiffs to seek access made the ultimate denial thereof by DOTD speculative. We affirm the trial court's denial of a new trial.
In conclusion, we affirm the jury verdict and the trial court's denials of the Motion for New Trial and/or Judgment Notwithstanding the Verdict. Costs of this appeal are to be taxed to appellant Lambert.
AFFIRMED.
NOTES
[1] Steven Griffith, Lambert and Melancon's former counsel, filed a Motion to Withdraw as Counsel and to Maintain Intervention on February 17, 1995, which was granted on February 27, 1995. Griffith's Motion for New Trial and/or JNOV adopts the positions of Lambert.
[2] Melancon did not appeal.
[3] Mr. Oubre could not recall exactly when he discovered the letter.
[4] In Rivet, as in the instant case, the court addressed only the inverse condemnation suit. The DOTD filed an expropriation suit against Rivet's property on April 19, 1989 (the same day as it filed the expropriation suit in the instant case), which is apparently still pending in the trial court.
[5] The required permit from the Corps to fill and/or dredge a wetland area became known as a "Sec. 404 permit", after the pertinent section of the Clean Water Act, and which is now found in 33 U.S.C. Sec. 1344. West Jefferson Levee District v. Coast Quality Const. Corp., Inc., 620 So.2d 319 (La.App. 5 Cir.1993), reversed on other grounds, 640 So.2d 1258 (La.1994).
[6] LSA-Const. Art. 1, § 4.
[7] State, Dept. Of Transp. and Dev. v. McMillion Dozer Service, Inc., 93-590 (La.App. 5 Cir. 5/31/94), 639 So.2d 766.
[8] Hay's Western Wear, Inc. v. State, DOTD, 624 So.2d 975 (La.App. 3 Cir.1993), writ denied 631 So.2d 452 (La.1994).
[9] State, Dept. Of Transp. and Dev. v. McMillion Dozer Service, Inc., supra.