Dear Representative Walsworth:
We received your request for an opinion. Specifically, you inquire as to the following:
 Is a political subdivision required to restore private property to the condition it was in prior to it being damaged as a result of public construction or improvements?
Article 1, Section 4 of the Louisiana Constitution of 1974 provides as follows:
 Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question. In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss . . .
This provision mandates that the owner must be compensated to the full extent of his loss. The jurisprudence also makes clear that compensable damages must be special or peculiar to the particular piece of property. General damages, such as inconvenience, are not compensable. Reymond v. State, throughthe Department of Highways, 231 So.2d 375 (La. 1970). See alsoLambert v. State, through the Department of Transportation andDevelopment, 683 So.2d 839 (La.App. 5th Cir. 1996).
You indicate in your request that the Ouachita Parish Police Jury damaged a number of private, concrete driveways during some drain renovations. The driveways were replaced with gravel. Your question is whether or not the parish is required to replace the driveways with concrete. In light of Article 1, Section 4 and the jurisprudence cited thereunder, we believe the driveways should be replaced with concrete. The owners must be compensated for the full extent of their loss; they should be put back in the position they were prior to the damage.
Please note that there is a two-year prescriptive period for an action by a private property owner for such damage. The two year period begins to run after the completion and acceptance of the public works. (La. R.S. 9:2654)
We trust that this satisfies your request. If you need additional information, please contact our office. With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: TINA VICARI GRANT
Assistant Attorney General
RPI:TVG:jv