hCANNELLA, J.,
dissenting with reasons.
I disagree with the result found by the majority because plaintiff failed his burden of proof under L'a.R.S. 9:2794.
A judgment notwithstanding the verdict (JNOV)-is warranted only when the facts and inferences, viewed in the light most favorable to the party opposing the motion, is so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict. Anderson v. New Orleans Public Service, Inc., 583 So.2d 829, 832 (La.1991); Lambert v. State Through Dept. of Transp. & Development, 96-160 (La.App. 5th Cir.10/16/96), 683 So.2d 839, 845. The motion should be granted only when evidence points so strongly in favor of the moving party.that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. Anderson v. New Orleans Public Service, Inc., 583 So.2d at 832; Peterson v. Gibraltar Sav. and Loan, 98-1601 (La.5/18/99), 733 So.2d 1198, 1201-02.
La.R.S. 9:2794 provides for the burden of proof in medicai malpractice actions against chiropractic physicians, as follows:
A. In a malpractice action based on the negligence of a ... chiropractic physician licensed under R.S. 37:2801 et seq., the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily .exercised .by ... chiropractic | ¡.physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical, negligence raise issues peculiar to the particular medical specialty, involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by ... chiropractic physicians within the involved medical specialty.
In this case, the trial judge reasoned that the JNOV was warranted because the evidence was overwhelming on causation. However, he never made a finding on breach of the standard of care. This case is not a simple tort suit in which plaintiff must only prove the elements of negligence under the duty/risk analysis. Even if plaintiff proved causation, in a medical malpractice action plaintiff must still prove that the defendant’s actions breached the standard of care in that specialty. Here, plaintiffs experts only testified that the manipulation could have caused the disc to rupture. However, he produced no expert that said that what the chiropractor did, manipulation for his ' mild complaints[1] breached the chiropractic standard of care, pursuant to R.S. 9:2794.
On the other hand, three doctors who work in the specialty testified that defendant’s conduct did not breach the standard of care for manipulation or chiropractic medicine. Further, both plaintiffs and defendants’ medical experts testified that X-rays would not be indicated in all cases of neck complaints, particularly in complaints of mild neck pain. Thus, there is no evidence that any action by defendant constituted a breach of the standard of care for the specialty.
Since plaintiff failed his burden of proof, the JNOV was not warranted because it is not possible for the facts and inferences, viewed in the light most favorable to the party opposing the motion, to be so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict.

. Plaintiff claims that he did not have any neck complaints.